[No. 15106. Department Two. — February 17, 1893.]

## GEORGE H. SMITH, PETITIONER, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, RESPONDENT.

ACTION AT LAW — COMPLAINT BY UNSECURED CREDITORS OF INSOLVENT CORPORATION — VOID APPOINTMENT OF RECEIVER — CERTIORARI. — An action against a railroad company upon unsecured promissory notes of the company is essentially an action at law, and is not changed into a suit in equity, in which a receiver may be appointed, merely because the complaint contains allegations to the effect that the company is insolvent and that other creditors are threatening to sue it, and that it has no property out of which the plaintiff will be able to satisfy any judgment it may obtain, and that the action is brought in behalf of the plaintiff and all other creditors of the company who are willing to come in as plaintiffs. The appointment of a receiver in such a case is unauthorized and void, and will be annulled on *certiorari*, if the proceedings are commenced in due time.

ID. — CONSENT TO APPOINTMENT OF RECEIVER. — The consent of the railroad company to the appointment of the receiver does not affect the right of a creditor aggrieved thereby to have the order appointing such receiver annulled on *certiorari*.

ID. — DELAY IN APPLYING FOR CERTIORARI — LIMITATION OF TIME. — Delay in bringing a writ of *certiorari* to annul a judgment or order for a period exceeding one year is sufficient to defeat the application, unless circumstances are shown which tend to excuse the delay.

HEARING in the Supreme Court upon a writ of *certiorari* to annul an order of the Superior Court of Los Angeles County appointing a receiver.

The facts are stated in the opinion of the court.

*Thomas L. Winder*, for Petitioner.

*Wilson & Lamme*, and *Anderson & Anderson*, for Respondent.

DE HAVEN, J. — It appears from the return to the writ of *certiorari* issued herein that the superior court of Los Angeles, on September 30, 1889, made an order appointing one Silver receiver for the Los Angeles and Pacific Railway Company. The order was made in an action then pending in that court, wherein the California Bank, a corporation, was plaintiff, and the Los Angeles and Pacific Railway Company and others were defendants. The petitioner here claims that the order appointing the receiver was in excess of the jurisdiction of the superior court, and the object of this proceeding is to procure the judgment of this court annulling such order.

It is stated in the complaint in the action in which the receiver was appointed that the plaintiff therein brings the action in behalf of itself and all other unsatisfied creditors of the Los Angeles and Pacific Railway Company who shall come in and contribute to the expenses of the action. The complaint then proceeds to state a cause of action in favor of the plaintiff therein, and against the defendant railroad company, upon two unsecured promissory notes, and further alleges that the defendant railroad corporation is indebted to various persons in sums amounting in all to two hundred and twenty-five thousand dollars; that this indebtedness is long past due, and that the numerous holders thereof are "pressing for payment of such indebtedness, and threatening to and will commence suits, attachments, and other proceedings" against said corporation; that the road of the defendant corporation is completed, but that the rolling stock is not owned, but only leased, by said defendant; that there is a mortgage upon record which purports to secure a lien of two hundred and forty

thousand dollars upon the property of said railway company, "and all the rolling stock and motor power of the said company being so leased, as aforesaid, the said defendant corporation has no property of any kind or character out of and from which said plaintiff's claim could be met, and a judgment at law and execution would not avail this plaintiff, nor any of the other unsecured creditors; that the said defendant railway company is wholly insolvent and unable to pay its debts and liabilities, and there is great danger that, by reason of attachments and other legal proceedings, the property of the said company will be wasted in costs and expenses." There are other averments, not necessary to be here set out, which tended to show that the plaintiff in that action was entitled to an injunction against one Wicks and his wife, who were made defendants in the action. The prayer of the complaint is for an injunction against defendant Wicks and his wife, and " that the court appoint a receiver to take possession of all the property, rights, effects, rents, tolls, issues, and incomes of the said defendant railway corporation, . . . . and retain the same under the direction of this honorable court; that the court issue an order restraining and enjoining the said defendant railway company . . . . from claiming any interest in said property, or interfering in the management thereof, except under the orders of this court; that the court ascertain the amount of all the indebtedness of the said railway company, and to whom owing, and adjust and settle the amounts due each," and for general relief.

The order for the appointment of the receiver was made with the consent of the defendant, the Los Angeles and Pacific Railway Company, and directed said receiver " to continue the operation of said roads in accordance with the usual modes and methods of operating railroads."

1. We are unable to distinguish the action in which the order under review was made from that of the French Bank case, 53 Cal. 495. It was there held that the appointment of a receiver in such an action was

unauthorized and void, and should be annulled on *certiorari*. The only relief to which the plaintiff in the case of *California Bank* v. *Los Angeles and Pacific Railway Co.* was entitled to was a judgment against the defendant railroad company for the amount alleged to be due upon the promissory notes of which the plaintiff therein was alleged to be the owner, and in such an action, upon the facts before it, the court was without power to appoint a receiver. The allegations of the complaint, to the effect that the corporation was insolvent, and that other creditors were threatening to sue the defendant railroad, and that said defendant had no property out of which the plaintiff would be able to satisfy any judgment it might obtain, and that the action was brought in behalf of the plaintiff and all other creditors of the defendant railroad who were willing to come in as plaintiffs, did not change the essential character of the action from one at law to recover upon an unsecured indebtedness, to one in which, according to the usages of courts of equity, a receiver may be appointed; nor would the consent of the defendant railroad to the appointment of the receiver at all affect the right of any creditor aggrieved thereby to have the order appointing such receiver annulled in a proceeding of this character.

2. It appears from the record before us that more than two years after the date of the order appointing the receiver, the petitioner, on his own application, was permitted to intervene in the action in which that order was made, and to join as a plaintiff therein. In his petition for intervention, he demanded a judgment against the Los Angeles and Pacific Railway Company for an alleged indebtedness due him from that corporation, and that its land be sold by the receiver already appointed, and the proceeds thereof applied to the payment of the debts of that defendant. This action upon the part of the petitioner was, in effect, a consent to the order now sought to be annulled; but whether such consent would be of itself sufficient to defeat the present proceeding need not be determined, as we are of opinion that the

further contention of respondent, that petitioner has, by delay, lost the right to the relief now sought, must be sustained.

The petition herein was not filed until July 22, 1892, nearly three years after the making of the order sought to be annulled, and no circumstances are shown which in any manner tend to excuse the long delay in making this application.

In the case of *Reynolds* v. *Superior Court*, 64 Cal. 372, it was held that delay in commencing proceedings of this character for a period exceeding one year, unless excused by circumstances, was sufficient to defeat the application for such relief.

In that case the court said: "By means of *certiorari* the petitioner seeks to call in question the validity of a judgment and an order made and entered considerably more than one year before the presentation of his petition. In *Keys* v. *Marin County*, 42 Cal. 256, it was held that unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of *certiorari* should be held to be barred by the lapse of the same length of time that bars an appeal from a final judgment." We regard the case just cited as conclusive of this, and upon its authority the writ must be discharged and the proceeding dismissed.

Proceeding dismissed.

McFARLAND, J., and HARRISON, J., concurred.

Hearing in Bank denied.