# SMITH v. LOS ANGELES & PACIFIC RAILROAD COMPANY.

## No. 19,252; September 27, 1893.

### 34 Pac. 242.

**Receiver—Void Order of Appointment.**—Where an order appointing a receiver of a corporation is void, a judgment creditor of the corporation does not, by intervening in the action for the purpose of enforcing his judgment, waive all objections to the order, and thereby lose the right to levy on the corporate property.[1]

**A Void Order may be Attacked** in any proceeding.

**An Order Denying a Motion to Vacate a Void Order** does not validate such void order.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by Smith against the Los Angeles and Pacific Railroad Company. An application for an order directing the sheriff to levy on sufficient property of defendant to satisfy a judgment theretofore obtained by plaintiff against defendant was denied and plaintiff appeals. Reversed.

T. L. Winder and Chapman & Hendrick for appellant; Anderson & Anderson for respondent.

PATERSON, J.—A receiver was appointed in the case of California Bank v. Los Angeles & Pacific R. R. Co. on September 13, 1889. On October 26, 1891, plaintiff herein filed a petition of intervention in that action, setting forth, among other things, that he had obtained a judgment against defendant herein for the sum of $4,403.30 on October 2, 1891, and that no part thereof had been paid. He prayed that his claim

---

[1] Cited in Grant v. Los Angeles etc. Ry. Co., 116 Cal. 72, 73, 47 Pac. 873, to the effect that the order of court was void, the same being involved in both cases.

Cited in Grant v. Superior Court, 106 Cal. 325, 39 Pac. 604, where the court, considering an application for a writ of prohibition, refers to it as decisive of the question of the particular order of court under discussion being void.

might be allowed against the corporation defendant, and that certain land belonging to the latter be sold and the proceeds of the sale be applied to the payment of the debts of the corporation in such proportion as the court should determine. On July 11, 1892, he applied to the court for an order discharging the receiver, on the ground that said order was void, the court having no jurisdiction to make the same. The application was denied, and thereafter he applied to this court for a writ of certiorari to review the proceedings. A hearing was had, and judgment was entered denying the petition on the ground that the petitioner had lost his right to the relief prayed for by reason of his delay in making the application: Smith v. Superior Court, 97 Cal. 348, 32 Pac. 322. Subsequently, plaintiff applied in this action to the court below for an order directing the sheriff to levy upon sufficient property of the defendant in the hands of the receiver to satisfy his judgment. The motion was denied, and from the order this appeal was taken. Respondent contends that the order should be affirmed for the following reasons: By intervening in the bank case, for the purpose of enforcing his judgment, the plaintiff became a party to that action, and has ratified and consented to the appointment of the receiver, thereby waiving all right to question the order by which said receiver was appointed; that this is a collateral attack upon the order appointing the receiver; and that, as between the appellant and the respondent, said order is res adjudicata.

1. It is doubtless true that one may so conduct himself as to be estopped from repudiating the action of a receiver, although the order by which the receiver was appointed is void. But in this case mutuality, which is one of the essential elements of estoppel, is wanting. The plaintiff herein could not, by simply intervening in the other case, receive any benefit, and no one, certainly, was prejudiced by his action therein. The receiver was not appointed upon his suggestion. If there be any act tending to validate the order appointing the receiver, such act is the act of the court and not of this plaintiff; but, as we shall see, the order was void. The action in which the receiver was appointed was brought against the corporation, the principal bondholders, and the trustee of the property mortgaged to secure payment of the bonds; but the clerk certifies that no summons appears among the files of

the case, and that no entry of the same appears upon his register of actions, and the record shows that on June 7, 1891, the action was dismissed as to some of the parties. Inasmuch, therefore, as it appears that the plaintiff therein cannot avail itself of the services of the receiver, to hold that the plaintiff is not entitled to an execution herein is to decide that he has no remedy whatever for the enforcement of his judgment. We do not think that his conduct in the action referred to would warrant any such conclusion. Certainly, the California Bank ought not to be permitted, after practically abandoning the action for all purposes, to put the creditors in such a position that they can obtain no relief, either through the receiver, or by the ordinary processes of law.

2. This is not a direct attack upon the order appointing the receiver; but, the order being void, it may be disregarded. If the order is absolutely void, it is a nullity, and can be attacked in any proceeding. That it is absolutely void was clearly demonstrated when the matter was before the court, in department, in Smith v. Superior Court, supra.

3. As to the proposition that the order appointing the receiver is res adjudicata, it is sufficient to say, we think, that a court cannot, by an order denying a motion to set aside a void order, give the latter any vitality. If the order is void, it is void—a mere nullity—and may be treated as nothing. The decision of this court in the certiorari proceeding did not affirm the order of the court below. It declared that order void. It is true the proceedings were dismissed, but laches is the ground upon which the decision went; and the question whether the conduct of the plaintiff, as intervener, estops him from denying the validity of the order appointing the receiver, was not determined.

The order appealed from is reversed.

We concur: De Haven, J.; Harrison, J.; McFarland, J.