[L. A. No. 3949. In Bank.—December 4, 1914.]

E. EDGAR ELLIOTT, Petitioner, v. SUPERIOR COURT of the State of California, in and for the County of San Bernardino et al., Respondents.

RECEIVER—JURISDICTION TO APPOINT—ACTION AGAINST CORPORATION FOR GOODS SOLD AND DELIVERED.—The superior court is without jurisdiction, in an ordinary action at law brought by a private individual against a corporation for goods sold and delivered, to appoint a receiver of the entire assets of the defendant. This is only to say that there is no jurisdiction vested in the court in such a case to dissolve the corporation; for the power of a receiver, when put in motion, of necessity supersedes the corporate power.

ID.—APPOINTMENT OF RECEIVER—CONSENT OF CORPORATION AS CONFERRING JURISDICTION.—The fact that the corporation consents to the appointment of the receiver is immaterial, for such consent cannot confer jurisdiction on the court. A corporation cannot in this indirect manner destroy itself; it cannot put beyond its reach the power to do that for which it was created.

ID.—FILING OF PETITION—WHEN DOES NOT MAKE PETITIONER AN INTERVENER.—Filing a petition in such action by the holder of two promissory notes of the corporation, praying for a sale of the property described in the trust deed securing the notes, does not make the petitioner a party to the action by intervention, although his petition is styled a petition in intervention. Hence he has no right to appeal from an order appointing a receiver, but he may apply for a writ of prohibition arresting further proceedings.

ID.—INTERVENER—WHO MAY BE—INTEREST IN MATTER OF LITIGATION.—A person may intervene in an action who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both. The interest mentioned in the code, which entitles a person to intervene in a suit between other persons, must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.

ID.—INTERVENTION—WHEN TAKES PLACE.—An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both plaintiff and defendant.

APPLICATION for a Writ of Prohibition to be directed against the Superior Court of San Bernardino County, and S. F. Kelley.

The facts are stated in the opinion of the court.

Tyrrell, Abrahams & Brown, for Petitioner.

William B. Ogden, for Respondents.

SULLIVAN, C. J.—The petitioner has applied to this court for a writ of prohibition to arrest proceedings in a certain action pending in the superior court of San Bernardino County, wherein a receiver was appointed. The action, an ordinary one at law, entitled, ''The Brookings Timber & Lumber Company, a corporation, plaintiff, vs. The Gibraltar Investment and Home Building Company, a corporation, defendant,'' was brought to recover $876.56, alleged to be due from the defendant to plaintiff for goods sold and delivered. Hereinafter the plaintiff in the action will be referred to as the Brookings Company and the defendant as the Gibraltar Company.

At the time it filed its complaint the plaintiff moved the court for an order appointing a receiver of the assets of the defendant for the benefit of itself and all other persons similarly situated. The grounds of the motion were ''that the plaintiff has no adequate remedy at law, and that the funds out of which the plaintiff and other creditors must look for the payment of their claims is in danger of waste, loss and destruction.'' On the same day that the complaint was filed the defendant also applied for the appointment of a receiver. Thereupon the court appointed respondent S. F. Kelley receiver of all of the property, real and personal, belonging to the Gibraltar Company, and directed its officers to deliver to the receiver all of its assets of every kind, including real and personal property, moneys, drafts, bills of exchange, checks, or other evidences of indebtedness, and all books of account, deeds, bonds, mortgages, etc. Pursuant to the order appointing him, the receiver duly qualified and took into his custody all of the assets belonging to the defendant. The Gibraltar Company is a California corporation engaged in the business of buying and selling land, operating nurseries and propagating and selling nursery stock, plants, and trees. Its business, carried on in several counties in the southern part of the state, is very extensive. Its gross assets exceed in value one million dollars. It is financially involved, is unable to meet its obligations, secured or unsecured, and is, in fact, insolvent. The petitioner claims to be the owner and holder

of two notes of the corporation for the sum of thirty thousand dollars each, payable on January 1, 1914, executed in favor of the Midas Fruitland Company and assigned and indorsed by that company to the petitioner. The petitioner alleges that there is due to him on these notes the sum of $57,956.30 principal and an additional amount in excess of eight thousand dollars representing interest, expenses, and attorneys' fees; that these notes are secured by a deed of trust held by the Citizens Trust and Savings Bank, covering certain land in San Bernardino County, and including water certificates representing water-rights appurtenant to the land. These properties are in the possession of the receiver. It is also alleged in the petition that the Citizens Trust and Savings Bank, trustee, acting under the advice of its counsel, has refused to sell or offer for sale under the power of sale contained in the deed of trust, the property held as security, so long as the same remains in the custody and possession of the receiver; "that upon this property are prior and superior mortgage liens held by divers other creditors of the defendant, aggregating sixty thousand dollars; that the defendant has defaulted in the payment of interest upon the indebtedness secured by these mortgages and that one of the mortgagees has already commenced foreclosure proceedings." The existence of these prior mortgages and the default of the mortgagor in the payment of interest thereon, it is alleged by the petitioner, has placed his rights and interests in jeopardy. He alleges that he is in danger of losing all of his. rights and interest in said property and will be put to great expense unless the property described in the deed of trust is sold under the power of sale contained therein. It is further alleged that the receiver has incurred and is now incurring, and will continue to incur, great expense in holding, caring for, and maintaining the properties of the Gibraltar Company, and that he is now exercising and will continue to exercise control thereof. After the appointment of the receiver, the petitioner herein filed in the superior court of San Bernardino County in the action brought by the Brookings Company against the Gibraltar Company an application styled by himself "Petition in Intervention," in which he prayed that the court "grant and give to him and to the Citizens Trust and Savings Bank, the trustee named in said deed of trust, permission to exercise the power of sale granted

in said deed of trust and to satisfy the indebtedness secured thereby, etc.'' This petition was filed by leave of court and was set for hearing at a later date. What action has been taken by the court on this petition does not appear. To the petition for the writ of prohibition the respondents have filed a demurrer specifying several grounds, all of which may be considered as embraced in the general statement ''that the petition does not state facts sufficient to constitute a ground for the issuance of a writ of prohibition.'' The demurrer must be overruled for the reasons herein stated. Assuming that the allegations of the petition are true, and for the purposes of the demurrer they must be taken as true, the superior court of San Bernardino County had no jurisdiction to appoint a receiver of the assets of the Gibraltar Company. The order appointing the receiver is void and all of his acts performed in pursuance of his illegal appointment are necessarily void. Section 305 of the Civil Code, found in title I, part IV of that code, and which title contains provisions applicable to all corporations formed under the laws of this state, provides: ''The corporate powers, business, and property of all corporations formed under this title *must be exercised, conducted, and controlled* by a board of not less than three directors.'' The court, through the appointment of a receiver, exercises the powers, conducts the business, and controls the property of the corporation, which by virtue of this section, can only be exercised, conducted, and controlled by a board of directors. There is no law of this state, nor can any decision of our supreme court be found, which authorizes a court, through a receiver, to take charge of the business and property of a corporation before dissolution, dispose of its assets and wind up its affairs. On the contrary, this court has repeatedly and consistently held for more than fifty years last past, that the courts have no jurisdiction to appoint a receiver of the entire assets of a corporation in a suit prosecuted by a private party. (*Neall* v. *Hill,* 16 Cal. 151, [76 Pac. 508]; *French Bank Case,* 53 Cal. 495; *Smith* v. *Superior Court,* 97 Cal. 348, [32 Pac. 322]; *Smith* v. *Los Angeles and P. R. Co.,* 4 Cal. Unrep. 237, [34 Pac. 242]; *Murray* v. *Superior Court,* 129 Cal. 628, [62 Pac. 191]; *Fischer* v. *Superior Court,* 110 Cal. 129, [42 Pac. 561].) As stated by this court in the *French Bank Case,* 53 Cal. 495: ''There is no jurisdiction vested in courts of equity to ap-

point a receiver of the property of a corporation in a suit prosecuted by a private party. This is only to say that there is no jurisdiction vested in these courts in such a case to dissolve a corporation; for the power of a receiver, when put in motion, of necessity supersedes the corporate power. It necessarily displaces the corporate management and substitutes its own. . . . There is no statute of this state, none to which we have been pointed, which undertakes to confer upon a private person, either as stockholder or creditor, the right to maintain an action to dissolve a corporation upon the ground that it is insolvent, or to obtain relief by seizing its property out of the hands of its constituted management and placing it in the hands of a receiver.'' If, as stated in the foregoing excerpt taken from the decision in the French Bank case, a court of equity has no power to appoint a receiver of the assets of a corporation, certainly a court in a common law action for goods sold and delivered has no such power. The fact that the Gibraltar Company consented to the appointment of a receiver is immaterial. Such consent did not and could not confer jurisdiction upon the court to make the appointment. A corporation cannot in this indirect manner destroy itself. It cannot put beyond its reach the power to do that for which it was created. It is the creature of the law and its powers must be exercised in the manner prescribed by law and not otherwise. If it wishes to die it may do so, but only in the way ordained by law. It must first satisfy and discharge all claims and demands against it; two-thirds of its members or stockholders must resolve upon dissolution and the provisions of title VI, part III of the Code of Civil Procedure relating to the voluntary dissolution of corporations must be complied with. If it must be put to death against its will, then the state and not a private party must institute proceedings with that object in view. In *Smith* v. *Superior Court,* 97 Cal. 348, [32 Pac. 322], this court was asked to review an order of the superior court of Los Angeles County appointing a receiver in an action brought by the California Bank against the Los Angeles and P. R. Company to recover judgment upon an unsecured promissory note. As in the case now under consideration, the plaintiff in that case applied for and the defendant consented to the appointment of a receiver and the court made the appointment. Yet this court held that the order appoint-

ing the receiver was void and in excess of the jurisdiction of the superior court. In passing upon the application for a writ of *certiorari*, referring to the order appointing the receiver, this court, Department Two, speaking through Justice De Haven, said: "We are unable to distinguish the action in which the order under review was made from that of the *French Bank Case,* 53 Cal. 495. It was there held that the appointment of a receiver in such an action was unauthorized and void, and should be annulled on *certiorari*. The only relief to which the plaintiff in the case of. California Bank *v.* Los Angeles and Pacific Railway Co. was entitled was a judgment against the defendant railroad company for the amount alleged to be due upon the promissory note of which the plaintiff therein was alleged to be the owner, and in such an action, upon the facts before it, the court was without power to appoint a receiver. The allegations of the complaint, to the effect that the corporation was insolvent, and that other creditors were threatening to sue the defendant railroad, and that said defendant had no property out of which the plaintiff would be able to satisfy any judgment it might obtain, and that the action was brought in behalf of the plaintiff and all other creditors of the defendant railroad who were willing to come in as plaintiffs, did not change the essential character of the action from one at law to recover upon an unsecured indebtedness, to one in which, according to the usages of courts of equity, a receiver may be appointed; *nor would the consent of the defendant railroad to the appointment of the receiver at all affect the right of any creditor aggrieved thereby to have the order appointing such receiver annulled in a proceeding of this character.".* In *Smith* v. *Los Angeles P. R. Co.,* 4 Cal. Unrep. 237, [34 Pac. 242], referring to the same order appointing a receiver made in California Bank *v.* Los Angeles & P. R. Co., this court said: "The order being void, it may be disregarded. If the order is absolutely void, it is a nullity, and can be attacked in any proceeding. That it is absolutely void was clearly demonstrated when the matter was before the court, in Department, in *Smith* v. *Superior Court,* 97 Cal. 348, [32 Pac. 322]." In support of their contention that the superior court had jurisdiction to appoint the receiver, the respondents cite a number of cases wherein the federal courts have decided that in an ordinary action at law an

insolvent corporation may confer jurisdiction upon the court
to appoint a receiver by merely consenting to the appoint-
ment.   These authorities are not binding upon the courts of
this state.   Our state supreme court is not even bound by the
decisions of the supreme court of the United States except
in cases where the judgment of this court may be reviewed
by writ of error to the United States supreme court.   Such
review is permissible only in cases arising under the consti-
tution and laws of the United States.   The case of the Brook-
ings Company *v.* Gibraltar Company presents no question
which can possibly come within the exception.   Under the
circumstances, this court is bound to decide according to
its own judgment and follow its own decisions, regardless of
the decisions of the federal courts.

It is claimed by respondents that inasmuch as the petitioner
herein filed a "petition in intervention" in the superior
court in the action commenced by the Brookings Company
against the Gibraltar Company, wherein he prayed for an
order authorizing the sale by the trustee of the property
described in the deed of trust given to secure the notes
alleged to be held by him, that he thereby became a party to the
action and that his only remedy was by appeal from the order
appointing the receiver, and which right he has lost by the
lapse of time.   There is nothing in this contention.   The peti-
tioner here did not intervene in the action in the court below
in the sense in which the word "intervention" is used in our
code.   His petition, though styled a petition in intervention,
is improperly so called.   By filing the same he did not be-
come a party to the action.   A person may intervene in an
action who has an interest in the matter in litigation, or in
the success of either of the parties, or an interest against both.
An intervention takes place when a third person is permitted
to become a party to an action or proceeding between other
persons, either by joining the plaintiff in claiming what is
sought by the complaint, or by uniting with the defendant in
resisting the claims of the plaintiff, or by demanding anything
adversely to both plaintiff and defendant.   (Code Civ. Proc.,
sec. 387.)   The petitioner did not have any interest in the
matter in litigation, to wit, plaintiff's claim for goods sold or in
the success of either of the parties, or an interest in the matter
against both.   He did not dispute the plaintiff's claim, which
may or may not be due.   He did not ask to join with the

plaintiff in claiming what the plaintiff sought in his complaint, nor did he ask the right to unite with the defendant in resisting the defendant's claim, nor did he demand anything adversely to both plaintiff and defendant as to the subject of the action. He therefore did not intervene or become a party to the action. (*Isaacs* v. *Jones,* 121 Cal. 257, [53 Pac. 793, 1101].) The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. As the petitioner did not become a party to the action by intervention or otherwise he had no right to appeal from the order appointing a receiver. Having no such right, respondents' contention that petitioner's application must be denied because he had a plain, speedy, and adequate remedy in the ordinary course of law by appeal to the supreme court is unfounded. Even if the petitioner had by intervention become a party to the proceeding in the superior court, and had a right to appeal from the order appointing the receiver, yet his remedy by appeal would not under the circumstances of this particular case have been plain, speedy, and adequate, and a writ of prohibition would lie. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450]; *Glide* v. *Superior Court,* 147 Cal. 21–29, [81 Pac. 225]; *Dungan* v. *Superior Court,* 149 Cal. 98–103, [117 Am. St. Rep. 119, 84 Pac. 767].)

It follows from the foregoing that the demurrer to the petition for a writ of prohibition must be and the same is overruled.

This opinion is not to be construed as an authority opposed to the appointment of a receiver of specific property of a corporation where such appointment would be proper under section 564 of the Code of Civil Procedure in certain actions between private parties. Our views must be taken as applying to an action of the kind now before the court and not as applicable to all kinds of cases against corporations.

At the time the respondents filed their demurrer they also filed an answer to the petition. The answer fails to state facts sufficient to constitute a defense except in one particular. The petitioner alleges that he is the owner and holder of two

certain promissory notes of the Gibraltar Company for thirty thousand dollars, payable by the terms thereof to the Midas Fruitland Company, and by the latter indorsed and assigned to the petitioner. The respondents, in their answer, for want of information or belief upon the subject, deny this allegation. An issue of fact is thus raised. To determine this issue, the court will take testimony on the 14th instant in San Francisco. If the issue be determined adversely to respondents, then a peremptory writ of prohibition will issue as prayed for. But if the issue be determined against the petitioner, then his petition will be denied for his failure to show any beneficial interest in the subject matter of the litigation.

Henshaw, J., Sloss, J., Angellotti, J., Shaw, J., Lorigan, J., and Melvin, J., concurred.

On December 16, 1914, the court in Bank rendered the following opinion herein:

THE COURT.—In the above-entitled proceeding the court in its opinion heretofore filed overruled respondents' demurrer to the petition herein and decided that the answer of the respondents to said petition filed with their demurrer, with one exception, did not state facts sufficient to constitute a defense. That exception arose out of the allegation contained in the petition and denied in the answer that the petitioner was the owner and holder of two certain promissory notes of the Gibraltar Investment and Home Building Company for thirty thousand dollars each, described in the petition. The trial of the issue as to the ownership of these notes was set for the 14th instant. Before the day set the petitioner and respondents filed a stipulation effective for the purposes of this proceeding only in which they agreed that the petitioner is the owner and holder of the notes in question.

Now, therefore, in accordance with our opinion heretofore filed herein, it is by the court ordered and adjudged as follows:

1. That the order of the superior court of the county of San Bernardino made in that certain action pending in that court entitled "The Brookings Timber & Lumber Company, a corporation, plaintiff, v. The Gibraltar Investment and Home Building Company, a corporation, defendant," appointing

S. F. Kelley receiver of the assets of said Gibraltar Investment and Home Building Company is null and void and was made by said superior court without and in excess of its jurisdiction.

2. That all acts performed by said court or by the judge thereof in relation to said receiver, his appointment or duties, and all acts of said S. F. Kelley performed under or by virtue of said order of appointment as such receiver are and each of them is void.

3. That a peremptory writ of prohibition issue out of this court directed to the superior court of San Bernardino County and the judge thereof and said S. F. Kelley arresting all proceedings in said action entitled "The Brookings Timber & Lumber Company, a corporation, plaintiff, v. The Gibraltar Investment and Home Building Company, a corporation, defendant," in so far as they relate to said receiver, his powers and duties, and absolutely restraining said superior court and the judge thereof, and said S. F. Kelley, from doing any act or thing or performing any function whatever by reason or by virtue of or under said order appointing said receiver.

Dated, this fifteenth day of December, 1914.