[Civ. No. 1380.    Third Appellate District.—February 23, 1915.]

.WILLIAM E. COOPER et al., Petitioners, v. THE SU-
PERIOR COURT OF SAN JOAQUIN COUNTY and
Honorable JOSEPH H. BUDD, Judge Thereof, Re-
spondents.

FORECLOSURE OF MORTGAGE — SUMMONS — INSUFFICIENT AFFIDAVIT OF
SERVICE.—In a suit to foreclose a mortgage where the affidavit of
service of summons failed to show that the party serving it was
over the age of eighteen years the affidavit was insufficient.

ID.—JUDGMENT BY DEFAULT — CERTIORARI TO ANNUL — INAPPROPRIATE
ACTION.—In such a case *certiorari* will not lie to annul a judgment
entered by default upon such affidavit of service of summons where
eighteen years have passed since the judgment was entered; but
petitioners should seek relief by some appropriate proceeding at
which the purchaser at the foreclosure sale, if there was such sale,
or other persons having an interest in the property arising out of
such foreclosure proceedings, may have an opportunity to be heard.

ID.—CERTIORARI—BAR BY LAPSE OF TIME.—It has been held that the
remedy by *certiorari* is barred by the lapse of the time within which
an appeal from the judgment may be taken unless circumstances of
extraordinary character be shown to have intervened.

ID.—PLEADING—KNOWLEDGE OF ACTION.—In such a case the mere state-
ment that petitioners were not in fact served with summons and
had no knowledge of the pendency of the action, is not enough
to justify the issuance of the writ of *certiorari;* some facts or cir-
cumstances explaining why they had no knowledge or the means of
knowledge of so important a matter affecting their title to the
property should appear.

APPLICATION for a Writ of Certiorari originally made
in the District Court of Appeal for the Third Appellate Dis-
trict to annul a judgment of the Superior Court of San Joa-
quin County.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Petitioners.

THE COURT.—Petition for writ of review.    It is alleged
that, in February, 1897, an action was commenced in the su-
perior court of San Joaquin County, by N. Arata, plaintiff,
against William E. Cooper and Annie Cooper, defendants, for

the foreclosure of a mortgage; that return of service of summons was made by one J. L. Nye, whose affidavit of service failed to show that he was over the age of eighteen years; that said summons was never in fact served upon the defendants in the action; that the default of defendants to answer was entered and decree of foreclosure thereafter made and entered, on February 23, 1897; that defendants had no notice or knowledge of the pendency of said action or of the judgment entered therein until the twenty-first day of October, 1914. Petitioners pray that defendant be called upon to show cause why said judgment should not be set aside and annulled.

The service of summons was insufficient (*Lyons* v. *Cunningham,* 66 Cal. 43, [4 Pac. 938]), but we do not think the judgment, after so great a lapse of time, should be set aside in this somewhat summary manner. Petitioners should seek relief by some appropriate proceeding in which the purchaser at the foreclosure sale, if there was such sale, or other persons having an interest in the property arising out of such foreclosure proceedings may have an opportunity to be heard.

It has been held that the remedy by *certiorari* is barred by the lapse of time within which an appeal from the judgment may be taken unless circumstances of an extraordinary character be shown to have intervened. (*Keys* v. *Marin County,* 42 Cal. 256; *Reynolds* v. *Superior Court,* 64 Cal. 372, [28 Pac. 121]; *Smith* v. *Superior Court,* 97 Cal. 348, [32 Pac. 322].) Eighteen years have passed since the judgment was entered. We think the mere statement that petitioners were not in fact served with summons and had no knowledge of the pendency of the action, is not enough to justify the issuing of the writ. Some facts or circumstances explaining why they had no knowledge or means of knowledge of so important a matter affecting their title to the property should appear.

The writ is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1915.