[Civ. No. 5197.  Second Appellate District, Division One.—March 15,
1926.]

CHARLES J. LEWIS, Petitioner, v. HARTLEY SHAW,
etc., Respondent.

[1] RECEIVERS—CONSENT TO ORDER APPOINTING—APPEAL—DISMISSAL—
EFFECT OF.—The dismissal by the supreme court of an appeal
from an order appointing a receiver upon the ground that the
appellants consented to the order appointing the receiver does not
in any manner pass upon the sufficiency of the complaints in the
actions in which the receiver was appointed, or upon the validity of
the order appointing the receiver.

[2] ID.—IMPOUNDING OF FUNDS—APPOINTMENT OF RECEIVER—PLEADING
—JURISDICTION—ACCOUNTS.—In consolidated actions, where the im-
pounding of certain funds and the appointment of a receiver are
asked, a receiver can only be appointed in certain cases where
fraud is specifically alleged; and where the complaints do not
state a cause of action for the appointment of a receiver, the
trial judge is without authority to pass upon or determine any
questions arising upon the final report of a receiver appointed
by him. All that the trial judge can do is to discharge the re-
ceiver, and he cannot, therefore, fix any fees for the services of
the attorney for the receiver or any fees for the services of the
receiver in such matters so consolidated.

[3] ID.—JURISDICTION—STIPULATIONS.—A stipulation of facts which
would state a cause of action could be made, but jurisdiction of
the subject matter of an action cannot be conferred by stipula-
tion merely in so many words admitting jurisdiction. It would
require a statement of facts, sufficient within themselves, stripped
of any conclusion of law.

[4] ID.—ORDER SETTING ASIDE ORDER APPOINTING RECEIVER—MAN-
DAMUS—PLEADING—CONCLUSIONS.—In this proceeding in *mandamus*
to compel a judge of the superior court to vacate an order made
by him setting aside an order appointing a receiver in certain con-
solidated actions, if the complaints in such consolidated actions
had been amended so as to contain all of the additional facts as
set forth in certain affidavits referred to by the petitioner, they
would have contained conclusions of the affiants only.

(1) 4 **C. J.**, p. 606, n. 76 New.  (2) 34 **Cyc.**, p. 106, n. 5, p. 113,
n. 45, p. 168, n. 42.  (3) 15 **C. J.**, p. 804, n. 7, p. 807, n. 43.  (4) 31
**Cyc.**, p. 50, n. 69.

PROCEEDING in Mandamus to compel the Superior
Court of Los Angeles County to vacate an order setting
aside an order appointing a receiver, and to compel said
court to pass upon or determine all questions arising on
a final report. Hartley Shaw, Judge. Writ denied.

The facts are stated in the opinion of the court.

Walter Desmond and Harry L. Cohn for Petitioner.

M. C. Simpson and Denio & Hart for Respondent.

2.   See 22 **Cal. Jur.** 534.
3.   See 22 **Cal. Jur.** 459.

YORK, J.—The petitioners herein are asking a peremptory writ of mandate to compel Hartley Shaw, as Judge of the Superior Court, to annul and vacate an order rendered by him setting aside an order appointing a receiver in certain consolidated actions set forth in the petition, and to compel said Judge to pass upon and determine all questions arising on a final report. The petitioners admit that their complaints in these various consolidated actions do not, nor does any one of them, state a cause of action except that petitioners state that they would have amended the same to state causes of action, except for the consent of the defendants in their various actions to the making of an order appointing a receiver therein. They further contend that this court should consider said complaints as they would have amended the same, and that the order appointing the receiver was affirmed by the supreme court by a dismissal of an appeal from such order, although the appeal was dismissed upon a motion made upon the sole ground that the order appealed from was an order made by consent.

It appears to this court that the only question involved, therefore, is whether or not the order appointing the receiver was and is absolutely void.

[1] The dismissal of the appeal by the supreme court upon the ground stated would merely hold that the parties appealing were estopped from taking an appeal on the ground that they had consented to the order from which they were attempting to appeal. Such a dismissal does not in any way pass upon the sufficiency of the complaints involved in the various actions, or of the validity of the order appointing the receiver.

[2] It cannot be contended that a complaint merely asking the impounding of certain funds and the appointment of a receiver would state a cause of action, yet petitioners herein admit that this is in effect the form of their complaints, unless the court considers the complaints amended to conform to their affidavits. In matters of this kind a receiver can only be appointed in certain cases where fraud is specifically alleged. That being so, in the matter before the trial judge he was without authority to pass upon or determine any questions arising upon the

final report. All that he could do would be to discharge the receiver. He could not, therefore, fix any fees for the services of the attorney for the receiver or any fees for the services of the receiver in such matters so consolidated. *Miller* v. *Oliver*, 174 Cal. 407 [163 Pac. 355], *Smith* v. *Los Angeles etc. Co.*, 4 Cal. Unrep. 237, 238 [34 Pac. 242], *Smith* v. *Superior Court*, 97 Cal. 348 [32 Pac. 322]; *Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101], and *Grant* v. *Superior Court*, 116 Cal. 71 [47 Pac. 872], all give abundant authority for the foregoing conclusions. In *Sullivan* v. *Gage*, 145 Cal. 759 to 771, inclusive [79 Pac. 437], the supreme court says: "This, it will be observed, does not present the case of a reversal of an order appointing a receiver for mere error or irregularity in its procurement. It presents the case of an order void for want of legal authority, where the receiver, in point of law, was not a receiver but a trespasser. . . . The cases are not infrequent where the court has settled the account of a receiver erroneously appointed and made the amount a charge against the party who has procured the appointment, but no case has been brought to our attention where a court has made such an order when its own judicial act in appointing the receiver was nugatory and void for want of jurisdiction. The receiver is not obliged to accept such appointment, and in such a case as this, as the court was without power to appoint him, it must equally be without power to make any other order depending for its validity upon the order of appointment. The utmost that is left for a receiver appointed under such circumstances is his right of action for compensation against the party procuring his appointment. . . . So here it must result that the order allowing compensation, being based upon a void order appointing the receiver, is itself void."

It is held in the case of *Scott* v. *Hotchkiss*, 115 Cal. 89, 94 [47 Pac. 45], and *Baker* v. *Varney*, 129 Cal. 564, 565 [62 Pac. 100], that jurisdiction to appoint a receiver cannot be conferred upon a court by stipulation or consent of the parties. [3] A stipulation of facts which would state a cause of action, of course could be made, but jurisdiction of the subject matter of an action cannot be conferred by stipulation merely in so many words admitting jurisdiction. It would require a statement of facts, sufficient within

themselves, stripped of any conclusion of law. **[4]** If the complaints had been amended so as to contain all of the additional facts as set forth in the affidavits referred to by the petitioners, they would have contained conclusions of the affiants only. For instance, some of the strongest averments being: ''The moneys were in fact trust funds and were intended to be held in trust for the making of said improvements. . . . The improvements would be seasonably and timely made.'' And, further, in one of their affidavits which the petitioners apparently rely on is a statement which could be nothing more than a conclusion of what other parties might have concluded: ''We have no hesitancy in stating that each of said purchasers was led to believe that the money they were paying upon said property was to be used for the purpose of making the improvements that we have stated, prior to the time that it was diverted for any other purpose.'' The mere averment that moneys paid on certain written contracts were in fact trust funds and were intended to be held in trust for making the improvements could not and would not add anything to any complaint unless the facts were set forth sufficiently to show a trust. But in this case before the court, all of the things set forth in the affidavits were merely oral statements, or conclusions that were reached by affiants by reason of conclusions made at the time the oral statements were made by the parties, and would not and could not modify the written agreements unless they were executed oral agreements.

We have treated this proceeding as being directed against Hartley Shaw *as* Judge of the Supreme Court, and we are not passing upon the question as to whether the peremptory writ would have to be limited to the exact, identical, and full scope of the alternative writ.

The petition for a writ is denied.

Conrey, P. J., and Houser, J., concurred.