[Civ. No. 8225. Second Appellate District, Division Two.—November 26, 1932.]

WM. H. MOORE, Jr., as Trustee in Bankruptcy, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Samuel A. Miller and Samuel Reichler for Petitioner.

Haines & Bisher and Harris & Field for Respondent.

Paul Lowenthal and William Berger, as *Amici Curiae* on Behalf of Respondent.

CRAIG, J.—A receiver having been appointed by the Superior Court of Los Angeles County, and having qualified and taken over the assets of Fanchon, Inc., a corporation, the petitioning trustee in bankruptcy of Mills-Walker Company, applied to and received from said court an order to show cause why the appointment of the receiver should not be vacated and set aside. Following a hearing and adverse determination upon such application, a petition was filed by said trustee, praying a writ of prohibition to restrain further proceedings in the receivership matter.

A referee was appointed to take evidence upon certain alleged questions of fact, and from the pleadings and the report of said referee, it appears that said bankrupt company was the owner of and in possession of two-thirds of the shares of the capital stock of said corporation, and that the latter was indebted to it; that the plaintiff at whose instance the receiver was appointed was a creditor of said corporation to the extent of about $200, and held the claim of another creditor by assignment for a lesser amount.

It is strenuously insisted by the respondent, as is apparent from the record, that Fanchon, Inc., was insolvent, that other creditors were threatening suit, and that the defendant had not sufficient property with which to defray its indebtedness; that the plaintiff in the superior court was without any plain, speedy or adequate remedy,

and that consent by the defendant debtor was alleged to have been obtained to the appointment of said receiver. However, it was not alleged below, nor is it contended on behalf of the respondent, that said receivership proceedings were predicated upon the fundamental requisite specified in section 565 of the Code of Civil Procedure as a basis for their existence. It is therein provided that: "Upon the dissolution of any corporation, the superior court of the county in which the corporation carries on its business or has its principal place of business, on application of any creditor of the corporation, or of any stockholder or member thereof, may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof and to collect the debts and property due and belonging to the corporation, and to pay outstanding debts thereof, and to divide the moneys and other property that shall remain over among the stockholders or members." Since no other valid jurisdictional ground for usurping the powers of regularly constituted officers of the corporation is known to our statutes, it must be held that the order appointing a receiver and all proceedings had thereunder were null and void. (*Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101]; *A. G. Col Co.* v. *Superior Court*, 196 Cal. 604 [238 Pac. 926].) We have examined authorities cited by *amici curiae* as well as by the respondent, and find none in point holding to the contrary for the views above expressed. For example, *First Nat. Bank of Auburn* v. *Superior Court*, 12 Cal. App. 335 [107 Pac. 322], is one involving a partnership, not a corporation. The court expressly states in its opinion that prohibition under certain circumstances enumerated and which may be said to exist in the instant proceeding is a proper remedy. Under the issues of that case also the question of the propriety of the writ or the legality of the receivership were not in issue.

The writ of prohibition is granted as prayed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1933.