In the Matter of the dissolution and liquidation of WEISSER FINANCE COMPANY, by change of name from Weisser Loan, Inc., and sometimes known as Weisser Finance Inc., a North Dakota Corporation.

No. 8540.

Supreme Court of North Dakota.

June 30, 1969.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for M. J. Kapus, appellant.

Letnes, Murray & Marshall, Grand Forks, for First National Bank in Grand Forks as Administrator of the will annexed of the Estate of William C. Weisser, deceased, respondent.

ERICKSTAD, Judge.

By instrument dated November 16, 1968, Norma E. Weisser and Karen Weisser Layton petitioned the District Court of Grand Forks County to appoint a receiver to take charge of all the assets of Weisser Finance Company, hereafter called the Company. The petition alleged that before August 11, 1968, 330 shares of common capital stock of the Company were owned by the following named persons in the following proportions: William C. Weisser, 328 shares; Norma E. Weisser, 1 share; Karen Weisser (now Karen Layton), 1 share.

It further asserted that William C. Weisser died on August 11, 1968; that the First National Bank in Grand Forks, hereafter called the Bank, was appointed administrator with the will annexed of his estate; that the Company was insolvent; and that legal actions were pending against the Company. The prayer for relief asked that the court appoint a receiver to take charge of all the assets of the Company, and that the court proceed with the Company's dissolution and liquidation.

By instrument dated November 19, 1968, the Bank, as administrator of Mr. Weisser's estate, joined in the petition to the district court for the appointment of a receiver and the dissolution and liquidation of the Company's assets.

On November 20, 1968, the district court, through an ex parte order, appointed the Bank as the receiver of the Company and ordered that within 30 days the receiver notify all known creditors of the Company of a creditors' meeting to be held before the court for the purpose of determining whether the receivership should be continued.

When notice of this order was served upon Mr. M. J. Kapus, a creditor of the Company, Mr. Kapus moved to set aside the order appointing the receiver. A hearing was held on this motion, and thereafter, by order dated February 18, 1969, the district court denied the motion.

It is from that order that Mr. Kapus now appeals. The Bank contends first that the order is not appealable; however, we are of the view that it is appealable under subsections 3 and 7 of N.D.C.C. § 28–27–02.

28–27–02. What orders reviewable.— The following orders, when made by

the court may be carried to the supreme court:

\* \* \* \* \* \*

3. An order which grants, refuses, continues, or modifies a provisional remedy \* \* \*.

\* \* \* \* \* \*

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

North Dakota Century Code.

 As the appointment of a receiver is a provisional remedy under § 32–01–10, had the order appointing a receiver been made upon notice, it would have been appealable. Because the order appealed from was rendered after a hearing had upon notice and is one which refuses to set aside an order which was made without notice but which would have been appealable had it been made upon notice, it is an appealable order.

Having determined that the order is appealable, we must now consider Mr. Kapus's appeal on its merits.

It is the contention of the Bank that the court acted properly to appoint a receiver, either under the provisions of N.D.C.C. ch. 32–10 or under those of ch. 10–21.

The Bank contends that a receiver was properly appointed under § 32–10–01, the pertinent part of which reads:

32–10–01. Receiver—When appointed.—A receiver may be appointed by the court in which an action is pending, or by a judge thereof:

\* \* \* \* \* \*

5. In the cases provided in this code, when a corporation has been dissolved, or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights, and in like cases within this state, of foreign corporations;

\* \* \* \* \* \*

North Dakota Century Code.

Mr. Kapus, however, argues that before a receiver may be appointed under any subsection of § 32–10–01, there must be an action pending, so that the appointment of a receiver is only ancillary to a main action.

In response to this argument, the Bank contends that the words "or by a judge thereof" permits the appointment of a receiver when there is no action pending.

 We are of the view that the proper construction of that section is that a receiver may be appointed by the court in which an action is pending, or by a judge of the court in which an action is pending. In other words, an appointment of a receiver may only be made ancillary to an action brought.

Section 32–10–01 of the Century Code, which provides for the appointment of receivers, is equivalent to our earlier law, starting with § 219 of the Code of Civil Procedure of 1877. Before amendment in 1933 the introductory part of § 564 of the California Code of Civil Procedure, relating to the appointment of receivers, read nearly the same as the introductory part of § 32–10–01, "A receiver may be appointed by the court in which an action is pending or by a judge thereof," the major difference being California's use of the word *the* instead of the word *a* before the word *judge*. See Cal.Code Civil Proc., historical note to § 564, at 788 (West 1954).

In California Jurisprudence we note the following:

> Under the rule that the appointment of a receiver when made is ancillary to or in aid of the action brought, and that there is no such thing as an action brought distinctly for the appointment of a receiver, the authority conferred upon the court to appoint a receiver under section 564, subdivision 5, presupposes that an action is pending before it, and was instituted by someone authorized by law to commence it. * * *

7 Cal.Jur. Corporations § 673 (1922) (footnotes omitted).

It is interesting that, although our legislature retained the language of our early law in N.D.C.C. § 32–10–01, which is equivalent to Cal.Code Civil Proc. § 564 before 1933, and in §§ 32–10–02, 32–10–03, 32–10–04, and 32–10–05, which are equivalent to California's §§ 566, 567, 568, and 569, respectively, it did not retain § 220 of our Code of Civil Procedure of 1877, which was equivalent to California's § 565, a section not substantially changed since 1872:

> Upon the dissolution of any corporation, the Superior Court of the county in which the corporation carries on its business or has its principal place of business, on application of any creditor of the corporation, or of any stockholder or member thereof, may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof, and to divide the moneys and other property that shall remain over among the stockholders or members.

Cal.Code Civil Proc. § 565 (West 1954).

Even under § 565 the California court required that dissolution must have occurred before a receiver could be appointed.

In that respect California Jurisprudence says:

> Following dissolution a means is provided for winding up the corporation and distributing its assets according to the equitable rights of those interested. In the absence of any statute regulating the matter, a court of equity undoubtedly has the right, in a proper proceeding instituted by a creditor or stockholder, to appoint a receiver to administer the property. Under the code, however, the rule is not to appoint a receiver, but to leave the whole matter of liquidation and distribution to the exclusive control of the directors in office at the date of dissolution of the corporation. The appointment of a receiver is the exception, not the rule, and is to be made only when necessary for the purpose of preserving and distributing the property and only upon application of a party interested, namely, a creditor or stockholder. * * *

7 Cal.Jur. Corporations § 675, at 188–189 (1922) (footnotes omitted).

In 6A California Jurisprudence, a volume which supersedes the article on corporations contained in volumes 6 and 7, we note the following:

> Courts are not authorized before dissolution to appoint a receiver to take charge of the business and property of a corporation, dispose of its assets and wind up its affairs. No jurisdiction is or ever was vested in courts of equity to dissolve a corporation in this way. The power of a receiver when put in motion necessarily displaces the corporate management; and a court cannot do indirectly that which it has no power to do directly. On the contrary, the courts of California have long and consistently held that they have no jurisdiction to appoint a receiver of the entire assets of a corporation in a suit prosecuted by a private party. Even the consent of the corporation cannot confer jurisdiction on a court to appoint a receiver for such purpose, for a cor-

poration will not be permitted thus to destory itself and put beyond its reach the power to do that for which it was created.

6A Cal.Jur. Corporations § 908, at 1527–28 (1932) (footnotes omitted).

California Jurisprudence, in making the above statement, refers no fewer than three times to the case of Elliott v. Superior Court, 168 Cal. 727, 145 P. 101 (1914). In *Elliott* the court said:

> The fact that the Gibraltar Company consented to the appointment of a receiver is immaterial. Such consent did not and could not confer jurisdiction upon the court to make the appointment. A corporation cannot in this indirect manner destroy itself. It cannot put beyond its reach the power to do that for which it was created. It is the creature of the law, and its powers must be exercised in the manner prescribed by law and not otherwise. If it wishes to die, it may do so, but only in the way ordained by law. It must first satisfy and discharge all claims and demands against it. Two-thirds of its members or stockholders must resolve upon dissolution, and the provisions of title 6, pt. 3, of the Code of Civil Procedure, relating to the voluntary dissolution of corporations, must be complied with. * * *

Elliott v. Superior Court, *supra,* 103–104.

(Title 6, referred to in the preceding quotation, related to voluntary dissolution of corporations. It was superseded by Stats. 1931, ch. 862, p. 1763, § 1. See Cal.Code Civil Proc. §§ 1227–35 (West 1954). For voluntary dissolution under present California law, see Cal.Corp.Code §§ 4600–19 (West 1955).)

We will discuss the relevance of our voluntary dissolution statute later in this opinion.

Section 32–10–01(6) reads:

> 32–10–01. Receiver—When appointed. —A receiver may be appointed by the court in which an action is pending, or by a judge thereof:
>
> * * * * * *
>
> 6. In all other cases where receivers heretofore have been appointed by the usages of courts of equity.

North Dakota Century Code.

Lest it be argued that the appointment of the receiver was proper under § 32–10–01 (6), which is equivalent to California's § 564(7) before 1933, we note the following in California Jurisprudence:

> In any case there must be a pending and substantial action, and without it courts of equity are not authorized to appoint a receiver of a corporation under the subdivision of section 564 giving the power to appoint "in all other cases where receivers have heretofore been appointed by the usages of courts of equity." The usages of equity do not extend to an assumption of the general management of a going corporation by a suit for that sole and general purpose.

6A Cal.Jur. Corporations § 910, at 1533–34 (1932) (footnotes omitted).

Without attempting to determine the effect of adding the first paragraph and rewording the introductory part of § 564 of the California Code of Civil Procedure, we set it forth herein to note the direction the California legislature has taken.

> A receiver may be appointed, in the manner provided in this chapter, by the court in which an action or proceeding is pending in any case in which such court is empowered by law to appoint a receiver.
>
> In superior courts a receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in the following cases:
>
> * * * * * *

Cal.Code Civil Proc. § 564 (West 1954).

■ Our legislature may in the future be interested in expanding the scope of our statute on the appointment of a receiver to encompass a situation in which a proceeding is pending, but we are governed by the statute as it exists. Believing that California has given its statute the proper construction, we conclude that our trial court, applying a similar statute in this case, did not have the authority under the provisions of § 32–10–01 to appoint a receiver.

N.D.C.C. ch. 10–21, which provides for the dissolution of a corporation, came into our code when the 1957 session of our legislature enacted H.B. 537, which, among other things, repealed R.C.1943, ch. 10–16, dealing with the dissolution of a corporation. Sections 79 through 102 of H.B. 537 are now contained in N.D.C.C. ch. 10–21.

The question now before us is whether the court, under the circumstances of this case, had the authority under ch. 10–21 to appoint a receiver.

The most pertinent part of that chapter is § 10–21–02:

10–21–02. Voluntary dissolution by consent of shareholders.—A corporation may be voluntarily dissolved by the written consent of all of its shareholders.

Upon the execution of such written consent, a statement of intent to dissolve shall be executed in duplicate by the corporation by its president or a vice-president and by its secretary or an assistant secretary, and verified by one of the officers signing such statement, which statement shall set forth:

1. The name of the corporation;

2. The names and respective addresses of its officers;

3. The names and respective addresses of its directors;

4. A copy of the written consent signed by all shareholders of the corporation; and

5. A statement that such written consent has been signed by all shareholders of the corporation or signed in their names by their attorneys thereunto duly authorized.

North Dakota Century Code.

Section 10–21–04 provides for the filing of a statement of intent to dissolve. It reads:

10–21–04. Filing of statement of intent to dissolve.—Duplicate originals of the statement of intent to dissolve, whether by consent of shareholders or by act of the corporation, shall be delivered to the secretary of state. If the secretary of state finds that such statement conforms to law, he shall, when all fees have been paid as in chapters 10–19 through 10–23 prescribed:

1. Endorse on each of such duplicate originals the word "Filed," and the month, day, and year of the filing thereof;

2. File one of such duplicate originals in his office; and

3. Return the other duplicate original to the corporation or its representative.

North Dakota Century Code.

Section 10–21–05 provides for the effect of a statement of intent to dissolve. It reads:

10–21–05. Effect of statement of intent to dissolve.—Upon the filing by the secretary of state of a statement of intent to dissolve, whether by consent of shareholders or by act of the corporation, the corporation shall cease to carry on its business, except in so far as may be necessary for the winding up thereof, but its corporate existence shall continue until a certificate of dissolution has been issued by the secretary of state or until a decree dissolving the corporation has been entered by a court of competent jurisdiction.

North Dakota Century Code.

It will be noted that in the instant case, as far as the record discloses, no statement of intent to dissolve was filed before the order appointing the receiver or even before the order denying the motion to set aside the appointment of the receiver.

Section 10–21–06 provides for the procedure after filing of statement of intent to dissolve. It reads:

10–21–06. Procedure after filing of statement of intent to dissolve.—After the filing by the secretary of state of a statement of intent to dissolve:

1. The corporation shall immediately cause notice thereof to be mailed to each known creditor of the corporation;

2. The corporation shall proceed to collect its assets, convey and dispose of such of its properties as are not to be distributed in kind to its shareholders, pay, satisfy, and discharge its liabilities and obligations and do all other acts required to liquidate its business and affairs, and, after paying or adequately providing for the payment of all its obligations, distribute the remainder of its assets, either in cash or in kind, among its shareholders according to their respective rights and interests; and

3. The corporation, at any time during the liquidation of its business and affairs, may make application to the district court for the county in which the registered office or principal place of business of the corporation is situated, to have the liquidation continued under the supervision of the court.

North Dakota Century Code.

Section 10–21–16 permits a court to liquidate the assets and business of a corporation under certain circumstances. The most pertinent part of that section reads:

10–21–16. Jurisdiction of court to liquidate assets and business of corpora-

tion.—The district courts of the state of North Dakota shall have full power to liquidate the assets and business of a corporation:

\* \* \* \* \* \*

3. Upon application by a corporation which has filed a statement of intent to dissolve, as provided in this chapter, to have its liquidation continued under the supervision of the court.

\* \* \* \* \* \*

North Dakota Century Code.

As no intent to dissolve was filed in this case, subsection 3 does not apply.

Section 10–21–17 permits a court to appoint a receiver in proceedings to liquidate the assets and business of a corporation, and that power is given the court only when the circumstances enumerated in § 10–21–16 exist.

█ As the provisions of ch. 10–21 have not been complied with, the appointment of the receiver is also defective under that chapter and accordingly must be set aside.

Mr. Kapus further contends that since the Bank is the administrator of the estate of Mr. Weisser, who was the owner of 328 shares of stock in the Company, it is an interested party and therefore should not have been appointed receiver under any circumstances except with the written consent of the opposing parties.

We need not decide that issue, as we have determined that the order of the trial court appointing the receiver should be reversed, but as it may be expected that the shareholders may proceed to comply with the provisions of ch. 10–21, we shall comment herein on the propriety of the appointment as receiver of one in the position of the Bank in this case.

Sections 32–10–02 and 10–21–18 seem especially pertinent to this issue:

32–10–02. Who may be receiver—Undertaking by applicant.—No party or person interested in an action can be ap-

pointed receiver therein without the written consent of the opposing party filed with the clerk. If a receiver is appointed upon an ex parte application, the court before making the order may require from the applicant an undertaking with sufficient sureties in an amount to be fixed by the court, to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver and the entry by him upon his duties, in case the applicant shall have procured such appointment wrongfully, maliciously, or without sufficient cause, and the court in its discretion at any time after said appointment may require an additional undertaking.

North Dakota Century Code.

10-21-18. Qualifications of receivers.
—A receiver shall in all cases be a citizen of the United States or a corporation authorized to act as receiver, which corporation may be a domestic corporation or a foreign corporation authorized to transact business in this state, and shall in all cases give such bond as the court may direct with such sureties as the court may require.

North Dakota Century Code.

■ Although § 10-21-18 does not specifically disqualify those who may be interested parties, § 32-10-02 requires the consent of opposing parties before a party interested in an action may be appointed receiver. The statutes should be construed so as to give effect to both. This is consistent with the general rule of statutory construction, that when two statutes relating to the same subject matter appear to be in conflict, they should whenever possible be construed to give effect to both statutes if this can be done without doing violence to either. Stradinger v. Hatzenbuhler, 137 N.W.2d 212, 216 (N.D.1965).

■ As a conflict might exist between the Bank's interest as administrator of the estate of the major stockholder and its interest as receiver which might interfere with the impartial discharge of its duties as an officer of the court, the consent of opposing parties should be obtained before a person in the Bank's position is appointed a receiver. We adhere to this view, notwithstanding the Bank's argument that N. D.C.C. §§ 6-05-08, 6-05-11, 6-05-12, and 6-05-17 exempt it from the consent requirement of § 32-10-02.

The trial court's order denying the motion to set aside its order appointing a receiver is therefore reversed, and the case is remanded with instructions to the trial court to vacate its order appointing a receiver.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.