SCHLUTER, PETITIONER, *v.* TEXIDOR, DISTRICT JUDGE, DEFENDANT (MUÑOZ DÍAZ ET AL., INTERVENORS).

PETITION for a Writ of Certiorari to the District Court of San Juan, Section 1, in a Proceeding for the Appointment of a Receiver.

No. 210.—Decided February 4, 1918.

CERTIORARI—ACTION OF DEBT—PARTNERSHIP—CREDITOR—INTEREST IN SPECIAL FUND.—When the theory of a complaint in an action of debt brought against a mercantile partnership is that the plaintiffs are simple creditors, excluding the idea that they are seeking the liquidation of a partnership in which they have an interest, or would be responsible *pro rata* for the debts because they are the heirs of one of the partners, such claim is entirely adverse to the interests of the other partners and any creditors of the partnership: therefore the suit being in nowise one for an accounting, as they maintain

that their account was settled and acknowledged by the managing partner as due and owing, the position of the plaintiffs is not different from that of any other simple contract creditor and there is no room for their claim of having an interest in the special fund of the partnership.

Id.—Court of Equity—Judgment.—A judgment is not always necessary in order that a creditor may invoke the jurisdiction of a court of equity when the existence of the claim is admitted by the debtor, although the claim might be challenged by the other creditors.

Id.—Receiver—Jurisdiction.—The appointment of a receiver rests in the sound discretion of the court, but always when the jurisdiction has first been properly invoked.

Id.—Id.—Objection—Partnership Agreement.—The mere fact that some of the partners of a mercantile firm are willing to place its affairs in the hands of a receiver will not prevent the other partners and creditors from objecting and insisting that the partnership affairs should be liquidated, where the partnership agreement has expired without formal renewal or further extension.

Id.—Id.—Equity—It is a rule of equity that in an action of this kind the plaintiffs must have exhausted their remedy at law.

The facts are stated in the opinion.

*Messrs. H. R. Francis* and *A. Arnaldo Sevilla* for the petitioner.

The respondent did not appear.

*Messrs. Eduardo Acuña* and *Henry G. Molina* for the intervenors.

Mr. Justice Wolf delivered the opinion of the court.

Fernando Schluter prayed for a writ of certiorari to annul the appointment of a receiver. Gustavo Muñoz Díaz and María Belén Muñoz Pérez Moris had filed a complaint which was entitled, "Action for the Naming of a Receiver." In the prayer of the complaint, however, these plaintiffs asked for a judgment in the amount of $13,373.98, and as a provisional measure the appointment of a receiver. The application for a receiver purports to be made by virtue of section 182 of the Code of Civil Procedure and, indeed, in granting the same the court based its decision on paragraph 1 of said section. The whole section provides as follows:

"Sec. 182.—A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof:

"1. In an action by a vendor to vacate a fraudulent purchase

of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

"2. After judgment, to carry the judgment into effect.

"3. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"4. In the case when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"5. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

The complaint, as originally drawn, contained an averment that the amount of $13,373.98 emanated from a liquidated current account due from defendants Pérez Moris, Lynn & Company to the complainants as heirs of María Belén Pérez Moris. The complainants, afterwards, by reason of a demurrer filed by petitioner Fernando Schluter, defendant in the court below, amended their complaint to make it appear that the said sum of $13,373.98 had its origin in the fact that María Belén Pérez Moris had been a partner in the firm of Pérez Moris, Lynn & Company; but it was also distinctly alleged that her account had been balanced on August 2, 1917, and that the said liquidated sum had not been paid to the complainants because the actual condition of Pérez Moris, Lynn & Company did not permit of such payment. We can not agree with the court below that the complainants have shown any special interest in any fund or property of Pérez Moris, Lynn & Company. On the contrary, the theory of their complaint is that they are simple creditors. The context of the said complaint excludes the idea that they are seeking the liquidation of a partnership

in which they have an interest or would be responsible *pro rata* for the debts. Their claim is entirely adverse to the interests of the other partners and any creditors of the partnership. The suit is in nowise one for an accounting, as they are maintaining that their account was settled on August 2, 1917, and acknowledged by the managing partner as due and owing. The position of the complainants is not different from that of any other simple contract creditor. There is no room for the claim of their having an interest in the special fund. *Carter Bros.* v. *Hightower,* 79 Tex. 135.

We shall therefore have to examine the proceeding to see whether the appointment of the receiver can be sustained under subdivision 5 of said section 182, namely, whether there is any usage of a court of equity which would justify the appointment of a receiver. The theory of the intervenors in this court is based, as we understand it, on such usages of the courts of equity.

The petitioner alleged that before a creditor may invoke the jurisdiction of an equity court he must have exhausted his legal remedy, *e. g.,* by obtaining a judgment and attempting unsuccessfully to execute it. The most familiar case is where there is some impediment to the enforcement of the judgment, like a fraudulent transfer or a trust, so that the legal title is not nominally in the debtor. But there are also other grounds of equity jurisdiction. It may be noted in passing that a judgment is not always necessary where the existence of the claim is admitted by the debtor, but we do not doubt that the claim might be challenged by other creditors.

We shall not attempt to enumerate the cases which would justify the appointment of a receiver, because we are satisfied that no ground of equitable jurisdiction has been set forth in the complaint. In substance, it alleged that the complainants were the sole heirs of María Belén Pérez Moris Lynn; that defendants Pérez Moris, Lynn & Company were a limited partnership in the printing business and the pub-

lishing of newspapers, especially the *Boletín Mercantil of Porto Rico;* that the said partnership was constituted by a deed of June 26, 1910, and the date of the extension having expired on June 3, 1915, defendants Ramón Pérez Moris, Fernando Schluter Rennemberg and María Canals Texidor continued the operations of the partnership, which had expired, under the same name and under the management of the said Ramón Pérez Moris Lynn, and that the defendants were sued in the capacity of such partners. The complaint then went on to narrate the origin of the debt of $13,373.98, to which we have already referred, and that the complainants had attempted to recover the said amount from the managing partner.

In the fifth paragraph the complainants say that the defendant company owes various persons, entities and corporations large sums of money which it can not satisfy and which it has no immediate prospect of satisfying because of its lack of ready cash or credit.

The sixth paragraph says that various creditors have indicated unwillingness to wait further for the payment of their debts or to extend the terms of their obligations.

The seventh paragraph sets forth that the defendant is the owner of an important and well-known lithographic establishment, with all kinds of modern machinery to carry on lithographing business, and that it is also the owner of the newspaper known as the *Boletín Mercantil of Porto Rico;* and although the establishment is a source of considerable business and benefit to the defendant, the circumstances of the present war, by reason of the difficulties of traffic, have caused a paralysis of its business, which makes it impossible to carry out its pending transactions, and that it needs the aid of the court that it order that the property of the defendant should not be subjected to attachments which the creditors are about to execute and the sale in execution by an auction at ruinous prices as well for the creditors as the defendant itself.

That by reason of the aforesaid circumstances the defendant is in imminent danger of insolvency, which could be remedied for the benefit of the present parties if the court, for the protection of the interests of all parties, would take charge of the affairs of the said firm and appoint a receiver. The complaint concludes with appropriate averments. Defendant Schluter demurred, the other defendants filed answers, the answer of the managing partner admitted the debt and both answers expressly show a willingness for the appointment of a receiver.

In addition to his demurrer defendant Fernando Schluter filed a written opposition to the appointment of a receiver wherein he admitted the insolvency of the defendant company, Pérez Moris, Lynn & Company, but also set up a claim as a creditor for the money owing to him in his capacity of industrial partner from January to October, 1917. Ernesto Fernando Schluter filed a petition in intervention and was admitted as a party. He set forth that he was a creditor of Pérez Moris, Lynn & Company in the sum of $10,682.40, and that he filed a complaint to recover the same and objecting to the appointment of a receiver. It either appears somewhere in the proceedings or was conceded by the parties that Ernesto Fernando Schluter is a son of Fernando Schluter and owns his claim by transfer from his said father. There was a hearing on the motion for the appointment of a receiver in which there was an opposition by the defendants Schluter principally on the ground, as shown by their pleadings, that the complainants had not made out an adequate case for the intervention of equity, as the said complainants had not exhausted their remedy at law.

We shall examine the arguments of the respondents, complainants in the district court. They attempted to distinguish the general principles, as stated by High on Receivers, pars. 403, 406, by saying that this case has a distinct phase, inasmuch as it treats of a limited partnership in a state of

insolvency. A limited partnership has its peculiarities, but we are referred to no case which, in the absence of a statute, marks it off as a special favorite of a court of equity. The cases from New York—*Hardt* v. *Levy,* 25 N. Y. Supp. 248, 72 Hun, 225; *Gray* v. *Levy,* 26 *id.* 861, 75 Hun, 96—refer back to the earlier case of *Innes* v. *Lansing,* 7 Paige, 582. In that case the chancellor showed that equity jurisdiction is in fact statutory, the law making the effects of a limited partnership a special fund for the benefit of all creditors, in cases of insolvency, to be distributed *pro rata.* In other words, no creditor could obtain a preference and therefore no creditor was compelled to exhaust his legal remedy. The cited New York cases also show that a limited partnership may easily become a general one and so not fall within the exception pointed out by the chancellor in the *Innes* case. It would be too elaborate and rather unnecessary for us to attempt to point out the distinction between partnerships in the United States and partnerships in Porto Rico, but we should be slow to group limited partnerships here with limited partnerships elsewhere.

*Matter of Reisenberg,* 208 U. S. 109–10, for the purposes of this proceeding, only decides that a defendant may waive the defense of a remedy at law by a failure to raise it promptly. But the case of *Hollins* v. *Brierfield C. & I. Co.,* 150 U. S. 371–80, makes it clear that a defense of a remedy at law is always available if made at the time the application for a receiver is presented, and of the raising of this defense at the proper time there is no doubt in this case.

We cannot agree with the respondents that the case of *Smith* v. *Superior Court,* 97 Cal. 348, is without authority. Not only are its facts close to the case at bar, but section 182 aforesaid substantially, if not literally, follows the California statute. That it was still authority in 1909 is evidenced by the case of *First National Bank* v. *Superior Court,* 12 Cal. App. 343, in which the doctrine of the *Smith* case is restated. Both of these cases decide that a legal

remedy is not changed into an equitable one by reason of the insolvency of a defendant, and that this is a general law the citations which we shall make later will show.

The petitioner had enough interest to defend and even to intervene. The court of equity, we think, will always hear a creditor where the question is only one between simple unsecured creditors. In other words, creditor Schluter had the same right to be heard in equity as had the complainants. If there was any doubt about the right of a contract creditor, the fact remains that the petitioner was a partner and expressly made a defendant. We do not see anything inconsistent in his making a claim as a creditor, especially as he was only an industrial partner and had no responsibility for the debts.

We agree with the respondents that the appointment of a receiver rests in the sound discretion of the court, but always when the jurisdiction has first been properly invoked. Indeed, we doubt whether in this case, supposing there has been a formal compliance with the requisites of equity jurisdiction, the situation clearly calls for a receiver. We have a fairly elaborate Code of Commerce providing for the liquidation of a dissolved partnership, and there is no averment that the partners, who are also made liquidators in the articles of partnership, are incompetent or that they should be deprived of the administration. If we read the authorities aright, part of the fundamental idea in the non-interference of equity is that the debtor ought to be allowed to handle his own property and manage his own debts until some very good reason to the contrary is shown. The mere fact that some of the partners are willing to put the affairs in the hands of a receiver will not prevent other partners and creditors from objecting and insisting that the partnership affairs should be wound up where, as here, the partnership agreement had expired without formal renewal or further extension thereof.

We shall not question that there was a controversy in this case in spite of the fact that the title of the action and the acts of the complainants in trying to keep the affairs going seem somewhat to show a different purport. In other words, that the respondents were desirous of continuing the lithographic shop as a going concern. The war and ruinous prices are mentioned, but neither the complainants nor ourselves have any idea when prices will be better. Prices are high in Porto Rico, as everywhere, but the Island is prosperous and the complainants offer us no definite prospect that any other time would be better for the realization on the assets of the defendant. The court below, in its order, apparently had an idea of continuing the affairs of the defendant indefinitely, but neither the pleadings nor any facts known to us justify such action. The complaint in this case was singularly bare of any averment from which the court could get any adequate idea of the assets and liabilities of the defendant or of the character of its property other than that it was a modern printing shop conducting an important newspaper. No reason is shown, except the will of the complainants, for not winding up the affairs of defendants Pérez Moris, Lynn & Company.

The respondents also tell us that the law of receivership is progressive and the courts should be liberal, and we are specially cited to Volume 30, *Harvard Law Review*, 273–76, 289, reviewing the case of *Thompson's Receivership*, 44 Pa. Co. Ct. 518. A person with assets of about $70,000,000, chiefly in land, and liabilities of $22,000,000, of which $15,000,000 was secured and $7,000,000 unsecured, became financially embarrassed for ready money to meet his obligations. Two of the unsecured creditors brought suit for a receiver, alleging the above facts and that if the secured creditors enforced their claim against the property the unsecured creditors must go unpaid, while, on the other hand, if the secured creditors held off for a time, in all probability all would be paid. We need not take issue with the reviewer

that the principle underlying the appointment of a receiver for an insolvent railroad company cannot differ essentially from the principle of a like appointment in the case of the insolvency of any other debtor. At least, however, the appointment in railroad cases has become the established usage of the courts of equity largely through the application of the maxim, *Salus populi suprema lex.* So far as local trial courts have appointed receivers for sugar mills, they have apparently proceeded on a liberal application of this maxim, which can hardly be extended to cover the facts of the case at bar, conceding, without holding, that such an extension was proper. In Porto Rico a liquidation by the partners is a normal theory. Here, as in the United States, a diligent creditor, saving the bankruptcy law, may obtain a preference. If the Legislature sees fit to make all creditors alike at all times, it has the undoubted right; but the courts can not do so. Supposing the *Thompson's Receivership* case to be along sound lines (it has not been passed on by the highest court of the State), it has elements in it that do not exist here. The complainants there alleged facts indicating a strong probability that the situation could be relieved with time, and also that otherwise they would utterly lose their claim—almost the equivalent, if not going further, of the averment that the complainants had no remedy at. law. Here, as we have shown, no facts are disclosed upon which to base any definite conclusion.

One of the doubts in favor of the respondents in this case is that one of the creditors and several of the partners agreed upon the intervention of the equity court, but this agreement can not avail against the objection of parties who are entitled to insist that the law should take its due course.

The petitioner stated that according to equity the rule was that the complainants must have exhausted their remedy at law, and the authorities bear him out. High on Receivers, pars. 339, 403; *Hollins* v. *Brierfield, C. & I. Co.,* 150 U. S. 371; *Smith* v. *Superior Court,* 97 Cal. 348; *Minkler* v.

*United States Sheep Co.,* 33 L. R. A., and note; *Ziska* v. *Ziska,* 23 L. R. A. (N. S.) 1, and notes pp. 46, 80, 88, 111.

The order appointing a receiver must be

*Reversed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.