[No. 19281. Department Two.—February 7, 1894.]

## O. H. McCONOUGHEY, Respondent, v. W. H. JACKSON, Clerk, etc., Appellant.

Mandamus—Warrant for City Indebtedness—Pleading.—In proceedings for a *mandamus* to compel the drawing of a warrant by the president and clerk of the board of trustees of a city, an affidavit of the plaintiff, which, in addition to the merely formal parts of the pleading, avers an indebtedness of five hundred ($500) dollars on the part of the city to petitioner for expenses incurred in procuring counsel for the city at its order, and that the board of trustees ordered his bill and written demand therefor paid, and ordered a warrant drawn in his favor for the amount, which the president and clerk refused to draw and countersign, and that there was money in the treasury to pay it, etc., states the essential facts giving to the petitioner a right to the writ, and is sufficient as against a general demurrer.

Id.—Denial of Indebtedness—Conclusion of Law.—The denial of indebtedness to the petitioner without denying the facts in regard to the expenses incurred by the petitioner for the city is a denial of a conclusion of law, and is wholly insufficient.

Id.—Conclusiveness of Allowance of Claim.—The claim being one which the board of trustees of the city had jurisdiction to hear and determine, its determination is a judicial act, concluding the fact of indebtedness; and whether its decision was right or wrong, its action was binding upon the clerk.

Id.—Want of Funds in Treasury—Denial of Information and Belief—Knowledge of Defendant.—The clerk of a municipal corporation of

the sixth class is the financial accountant of the city, whose duty it is to keep a correct account of all the moneys in the treasury and the warrants drawn thereon, etc.; and in his answer to an application for a *mandamus* to compel the drawing of a warrant upon the treasury, an allegation by him, upon information and belief, that there was a want of funds in the treasury to pay the warrant is insufficient, being the allegation of a fact peculiarly within the knowledge of the defendant, which should have been positive in form.

Id.—Rescission of Acts of Municipal Corporation.—The legislative department of a municipal corporation may, at any time before the rights of third persons have vested, rescind previous votes and orders, so far as consistent with the laws of its creation and its rules of action, and such rescission may take place at any subsequent meeting.

Id.—Rescission of Allowance of Valid Claim.—A valid claim, properly presented to the board of trustees of a municipal corporation and allowed and approved by them, their action being accepted by the claimant, becomes a valid and binding contract, which cannot be rescinded or avoided except for such cause as invalidates other contracts.

Id.—Presumption of Acceptance.—When the allowance of a claim by the board of trustees of a city is of the amount asked for by the claimant, and he demands a warrant therefor, he will be presumed to have accepted the action of the board, and thereafter the board could not, without his consent, rescind its action, except for cause which would defeat the claim, treated as a contract.

Id.—Interest of City Officer in Contract—Insufficient Defense.—An answer averring, upon information and belief, that the petitioner was a city officer, and interested both directly and indirectly in the present contract, upon which is based the pretended claim referred to in the complaint, without the statement of any facts upon which the conclu-sion is based, or of the nature of the contract referred to, is insufficient as a defense.

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*J. S. Callen, Gibson & Titus,* and *Callen & Neale,* for Appellant.

*A. M. McConoughey,* for Respondent.

Searls, C.—The city of Coronado is a city of the sixth class. M. R. Vanderkloot was president of the board of trustees, and W. H. Jackson was clerk of said city.

In April, 1892, the petitioner filed a claim in writing with the board of trustees for five hundred dollars

on account of expenses incurred by him in procuring, at the request of said city, through the board of trustees thereof, counsel and legal services for said city.

The bill was approved by the board of trustees, and ordered paid, and a warrant on the city treasurer payable to petitioner for the same was ordered. Vanderkloot and Jackson, the clerk, refused to draw, sign, or countersign the warrant.

There was sufficient money in the treasury to pay said warrant. Upon this showing, on petition, the superior court, on the eighth day of February, 1893, issued an alternative writ of mandate to the president and clerk, requiring the president to draw and sign the warrant and the clerk to countersign and deliver said warrant, or to show cause, etc.

The defendants appeared and demurred to the petition, which demurrer was overruled by the court, whereupon M. R. Vanderkloot, the president of the board, drew and signed the warrant and made default herein.

Defendant Jackson filed an answer, and subsequently an amended answer, to which a demurrer was interposed, and sustained by the court.

Defendant thereupon declined to amend, and a peremptory writ of mandate issued from which he appeals.

The amended answer, for cause why the writ should not issue:

1. Denied that the city was indebted to the petitioner.

2. Averred, upon information and belief, that there was not sufficient available money in the treasury that could be legally appropriated to its payment.

3. Set up the fact that on the 2d of May, 1892, the board of trustees repealed and rescinded the allowance of the claim and order to draw the warrant.

4. Alleged that plaintiff was an officer of the city, and interested in the claim.

5. That the matter is still under consideration by the board of trustees, and that since the pendency of this action, and on the 30th of January, 1893, the board of

trustees determined the warrant had been ordered drawn through mistake, inadvertence, and misapprehension, rescinded the former action, and ordered that the warrant drawn and signed by the president be canceled, annulled, etc.

The affidavit, which in proceedings of this character stands as a complaint, is lacking in preciseness of detail and fullness of statement, but was still sufficient as against the general demurrer interposed to its sufficiency. In addition to the merely formal parts of the pleading, it in fact and effect avers an indebtedness of five hundred dollars on the part of the city to petitioner for expenses by him incurred in procuring counsel and legal services for the former, at its order and request by its board of trustees; and being so indebted, the board ordered his bill and written demand therefor paid, and ordered a warrant drawn in his favor for the amount, etc., which the president and clerk refused to draw and countersign; that there was money in the treasury to pay it, etc.

These are the essential facts giving to petitioner a right to the writ, and the demurrer to the complaint was properly overruled.

The first defense set out by Jackson, the clerk of the board, denies the indebtedness to petitioner. This as a defense is wholly insufficient for two reasons:

1. It is the denial of a conclusion of law and not of the facts, viz: the expenses incurred by petitioner for the city.

2. The law has not constituted the clerk either the guardian of the board of trustees, or an appellate court, to pass upon the facts once decided by the board.

The claim was one which the board of trustees had jurisdiction to hear and determine; such determination was a judicial act, and involved a determination of the *fact* of indebtedness; and when so determined, whether right or wrong, its action was binding upon the clerk.

A like question was involved in *McFarland* v. *McCowen,*

98 Cal. 329, and reference is made to that case for a fuller expression on this subject.

The allegation in the second defense of a want of funds in the treasury on the 18th of April, 1892, etc., is upon information and belief, and being a fact peculiarly within the knowledge of defendant, should have been positive in form.   As clerk of a municipal corporation of the sixth class, one of the duties of defendant was to keep an exact account of all moneys received and disbursed, and a " treasurer's account," which, if correctly kept, showed to a fraction the moneys in the treasury, the warrants drawn thereon, etc.   To this extent he discharged one of the functions of an auditor.   The treasurer must give duplicate receipts for all moneys received, one of which must be filed with the clerk, and the treasurer can only pay out money on warrants countersigned by the clerk, etc.   In short, he is the financial accountant of the city, and practically the only check upon the treasurer.   (Municipal Corporation Act, secs. 876, 878.)

No doubt the legislative department of a municipal corporation, viz., the board of trustees, may at any time before the rights of third persons have vested, if consistent with the law of its creation and its rules of action, rescind previous votes and orders.   (Dillon on Municipal Corporations, sec. 290.)

Thus, it has been held that a resolution to construct a public sewer may be rescinded at a subsequent meeting.   (*People ex rel. Locke* v. *Common Council of the City of Rochester*, 5 Lans. 11.)   The right of reconsidering a last measure at the same meeting, or pursuant to its rules at a subsequent one, is a right inherent in all legislative assemblies.   (*Jersey City* v. *State*, 30 N. J. L. 521.)   So in *Estey* v. *Starr*, 56 Vt. 690, it was held that a vote of a town meeting rescinding its action at a former meeting in authorizing a subscription in aid of a railroad was lawful, no rights of third parties having vested, and nothing having been done under the authority to subscribe.

*Tucker* v. *Justices,* 13 Ired. 434, goes as far as any case we have examined. In that case a public bridge had been constructed, and an order made by the county clerk upon the proper officer to make payment, which was not done, for want of funds. At the next term of court, the bridge having fallen down, the order was annulled, and the action of the court was upheld, and a *mandamus* denied.

A valid claim, however, properly presented to the trustees of a municipal corporation, and allowed and approved by them, and their action accepted by the claimant, becomes a valid and binding contract, and can only be avoided for such cause as invalidates other contracts. Corporations can no more play fast and loose over their contracts than can individuals.

In *Brown* v. *Winterport,* 79 Me. 305, it was held that a vote ratifying a contract made by town officers without due authority could not be rescinded so as to affect the validity of the contract.

In the present case, when the trustees, upon the presentation of petitioner's demand, allowed it, and ordered a warrant drawn on the treasurer for the amount, it established his right to a recovery, and being the amount asked for by him, he will be presumed to have accepted the action of the board, or, at any rate, such presumption will arise from his demand of the warrant, and thereafter the board was not at liberty, without the consent of petitioner, to rescind its action, except for some cause which would defeat the claim, treated as a contract.

Nothing of that kind was shown in the answer. The attempt at a defense by averring upon information and belief that petitioner was a city officer, and "interested both directly and indirectly in the pretended contract, upon which is based the pretended claim referred to in the complaint herein," without the statement of any facts upon which the conclusion is based, or the nature of the contract referred to, cannot be said to rise to the dignity of a defense.

There is no contract set out in the petition, except such as is implied from the statement of expenses incurred in procuring counsel and legal services for, etc., at the request of the board of trustees.

There being no showing that the order or warrant was irregular on its face, or one which the board was not authorized to draw, it was the duty of the clerk to countersign it, and the judgment appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

FITZGERALD, J., DE HAVEN, J., McFARLAND, J.