[S. F. No. 8411.   In Bank.—December 12, 1917.]

L. E. BOYLE, Receiver, etc., et al., Petitioners, v. SUPE-RIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents; WESTERN MAGNESITE DEVELOPMENT COMPANY (a Corporation) et al., Interveners.

CORPORATIONS — RECEIVER — DISSENSIONS AMONG DIRECTORS — JURISDIC-TION—EQUITY.—Under subdivision 6 of section 564 of the Code of Civil Procedure, declaring that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of courts of equity," the superior court has power to appoint a receiver of a corporation, either because it has no properly consti-tuted governing body, or because there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders.

ID.—RECEIVER—FRAUD NOT NECESSARY.—Fraud is not a necessary basis for the procurement of an appointment of a receiver for a corpora-tion. Dissensions or honest differences of opinion among the direc-tors, making it impossible to carry on the corporation's business to advantage, or to carry it on at all, are sufficient to invoke the action of a court of equity.

ID.—NATURE OF PROCEEDING—NOT TO DISSOLVE THE CORPORATION.—In such a case the proceeding is not directed toward the closing of the affairs of the corporation or toward an attempt to dissolve it, but merely to place the assets of the corporation in safe hands.

APPLICATION for a Writ of Mandate directed to the Superior Court of the City and County of San Francisco and to F. J. Murasky, Judge thereof.

The facts are stated in the opinion of the court.

Joseph E. O'Donnell, Keyer & Erskine, Thomas R. White, George A. Connolly, R. W. Cantrell, and Herbert W. Erskine, for Petitioners.

Sullivan & Sullivan, and Theo. J. Roche, for Interveners.

HENSHAW, J.—Certain stockholders of the Western Magnesite Development Company, a corporation, appealed to equity, charging fraud, dereliction of duty, and violation of trust against two of the directors of the corporation, and prayed for a removal of these directors and for an appointment of a receiver to take possession and charge of the assets and property of the corporation. It was alleged that the Western Magnesite Development Company was a mining corporation owning magnesite claims of large value; that dissension had arisen in the board of directors, which board consisted of but four persons, of whom the defendants Cummings and Wolfe were two; that because of these dissensions and the mutual hostility underlying them, no business of the corporation was performed. The corporation had entirely ceased operations and no longer prosecuted its mining operations. On account of the disputed ownership of over two-thirds of the capital stock it was alleged that it was impossible to hold a stockholders' meeting for the purpose of electing a new board of directors; that litigation was pending to determine the true ownership of this disputed capital stock. Other allegations going to the trouble and confusion in the affairs of the corporation, the enforced suspension of all its business activities and improper conduct on the part of the directors Cummings and Wolfe were set forth. Trial upon the issues joined was had. Application was made for the appointment of a receiver to preserve the assets and property of the corporation *pendente lite* and until the directorate was able to act. At the conclusion of the taking of the evidence at the trial and before decision upon the merits of the case the trial court appointed a receiver *pendente lite* to take charge of the assets and continue the business of the corporation. The receiver was directed, first, to execute to the state of California an adequate undertaking in the sum of fifty thousand dollars. The order declared that it was made "without determining the merits of this cause as between plaintiffs and defendants and upon the sole ground that there is now and ever since

the commencement of this action has been a deadlock in the board of directors of said corporation, as a consequence of which the business of said corporation is not carried on and the mine of said corporation is not operated.'' The parties litigant, dissatisfied with this order, sought and obtained an alternative writ of prohibition issued out of the district court of appeal of the first appellate district, by which alternative writ action of the judge of the court and of the receiver so named was stayed until further order of the district court of appeal. On the twenty-seventh day of June, 1917, the district court of appeal made its order dismissing the proceeding and quashing the alternative writ.

Following this came an application to this court for mandate directed to the trial judge of the superior court for his refusal to approve the bond and undertaking of the receiver whom he had appointed, and to allow this receiver to qualify. In the petition and in the alternative writ of mandate which issued from this court, it is declared that the sole ground of the trial court's refusal is ''that the decision of the district court of appeal of the state of California in the action of Western Magnesite Development Co., a Corporation, et al., *v.* Superior Court of the City and County of San Francisco, et al., will not become final for thirty days.''

Were this the sole ground, no consideration here would be necessary, since the thirty days have elapsed, and the trial judge doubtless would not longer withhold action for the reason indicated. In passing it may be said that *Noel* v. *Smith,* 2 Cal. App. 158, [83 Pac. 167], affords justification for the court's refusal to act until the expiration of the thirty days, only after which the decision of the district court of appeal became final.

The serious contention is over the jurisdiction of the trial court to appoint a receiver under the indicated circumstances, and it is declared that under the decisions of this court such an appointment, based upon the stated ground, is in excess of the jurisdiction of the court and therefore void. With this contention, however, we cannot agree. Section 564, subdivision 6, of the Code of Civil Procedure declares that a receiver may be appointed by the court in which an action is pending, or by the judge thereof, ''in all other cases where receivers have heretofore been appointed by the usages of courts of equity.'' That courts of equity, English and Amer-

ican, have appointed receivers under precisely the situation here presented is beyond all controversy. These receivers are not appointed to close up the affairs of a corporation, to work its dissolution, but to preserve its properties, and, where possible, continue its corporate functions. Says Pomeroy (5 Pomeroy's Equity Jurisprudence, sec. 124): "The power of a court of equity to appoint a receiver of a corporation either because it has no properly constituted governing body, or because there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders, appears to be settled; but it is equally well settled that this power is subject to certain limitations, namely, it must always be exercised with great caution, and only for such time and to such an extent as may be necessary to preserve the property of the corporation and protect the rights and interests of its stockholders. As soon as a lawfully constituted and competent governing body comes into existence, whether it is brought into existence by an adjustment of the dissensions or by the election of a new body, and such body is ready to take possession of the property of the corporation, and proceed in the proper discharge of its duties, the court must lift its hand and retire." It is to be noted from this and from the citations which will follow that fraud is not a necessary basis for the procurement of such an appointment. Dissensions, honest differences of opinion, which result in making it impossible for the corporation to carry on its business to advantage, or, as here, to carry it on at all, are sufficient to invoke the action of a court of equity. In *California Fruit Growers' Assn.* v. *Superior Court,* 8 Cal. App. 711, [97 Pac. 769], where a receiver was asked for upon the ground of fraudulent mismanagement, the court declared that the trial court had jurisdiction to appoint a receiver under the allegations of the complaint, and pointed out that the proceeding was not directed toward the closing of the affairs of the corporation or toward an attempt to dissolve it, but was designed merely to place the assets of the corporation in safe hands. In *Sternberg* v. *Wolff,* 56 N. J. Eq. 389, [67 Am. St. Rep. 494, 39 L. R. A. 762, 39 Atl. 397], difficulties had arisen, as here, in a board of directors consisting of four members. The lower court refused to appoint a receiver. On appeal its order so doing was reversed and a receiver appointed upon the ground that injunction was in-

adequate, and the court based its decision solely upon the fact that dissensions existed between the two factions which had brought the affairs of the company to a deadlock "so far as any corporate action by the board of directors is concerned"; and proceeded to say that while the court of chancery had no jurisdiction to dissolve a solvent corporation under such circumstances, its jurisdiction "to control the business of a company, especially a trading company, pending a litigation over the management and conduct of its business must necessarily exist." Without multiplying quotations upon this point, further reference may be made to *Featherstone* v. *Cooke,* L. R. 16 Eq. 298; *Auxiliary Co.* v. *Vickers,* L. R. 16 Eq. 303; *Archer* v. *American Water Works Co.,* 50 N. J. Eq. 33, [24 Atl. 508]; *Jasper Land Co.* v. *Wallis,* 123 Ala. 652, [26 South. 659]; *Sheridan Brick Works* v. *Marion Trust Co.,* 157 Ind. 292, [87 Am. St. Rep. 207, 61 N. E. 666]; *Powers* v. *Blue Grass Building and Loan Assn.,* 86 Fed. 705; *Boothe* v. *Summit Coal Co.,* 55 Wash. 167, [19 Ann. Cas. 1255, 104 Pac. 207]; *Gibbs* v. *Morgan,* 9 Idaho, 100, [72 Pac. 733]; *Alabama Coal & Coke Co.* v. *Shackelford,* 137 Ala. 224, [97 Am. St. Rep. 23, 34 South. 833]; *State* v. *District Court,* 15 Mont. 324, [45 Am. St. Rep. 682, 27 L. R. A. 392, 39 Pac. 316]; *Ritchie* v. *People's Telephone Co.,* 22 S. D. 598, [119 N. W. 990]; *In re Lewis,* 52 Kan. 660, [35 Pac. 287].

An examination of our own cases has been made under the adverse contention that this equitable doctrine has been refused recognition in this state. It would unduly and unnecessarily prolong this discussion to review those cases at length. One and all, however, they were cases susceptible of broad differentiation. They were cases where the receiver was appointed to wind up the affairs of the corporation—in effect to dissolve it and to distribute its assets, a power which under our laws equity does not possess, and a power which equity in the case at bar did not attempt to exercise. The distinction is well recognized, as a consideration of any of the foregoing citations will amply demonstrate.

Let mandate issue accordingly.

Shaw, J., Sloss, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.

In denying a rehearing, the court filed the following opinion on January 11, 1918:

THE COURT.—On petition for rehearing, it is called to our attention that on August 23, 1917, we made an order transferring the proceeding for prohibition, referred to in the opinion of Mr. Justice Henshaw, to this court for hearing and determination. The order revived the alternative writ of prohibition issued by the district court of appeal, and the restraining effect of such writ will remain in force until this court shall dispose of the proceeding thus transferred, and now pending here. On the merits, the two proceedings—that in prohibition and the present one in mandate—turn on the same legal questions. We are entirely satisfied with the manner in which these questions are disposed of by our opinion herein. But, since the alternative writ of prohibition is still in force, the respondent judge is confronted by two orders, one commanding, and the other prohibiting, certain action. To avoid technical difficulties which may arise, it is ordered that execution of our writ of mandate be stayed until the disposition of the pending proceeding for prohibition.

The petition for rehearing is denied.