[Civ. No. 4244. First Appellate District, Division One.—July 24, 1922.]

In the Matter of the Contempt of CHARLES E. DUNS-COMB et al. LOUIS BARTLETT, as Mayor, etc., Appellant, v. CHARLES E. DUNSCOMB et al., Respondents.

[1] MUNICIPAL CORPORATIONS — CITY OF BERKELEY—REASONABLENESS OF CLAIMS—INVESTIGATION BY MAYOR—CHARTER.—Under the charter of the city of Berkeley, the mayor has not the legal authority or power to investigate the reasonableness of a claim against the city, and to that end to compel the production of books, papers, and documents, since the question of the regularity of such a claim is one for the council, which has the sole power to determine the question, and its hearing and determination, in the absence of fraud, excessive jurisdiction or other plain violation of law, is final and conclusive.

APPEAL from an order of the Superior Court of Alameda County refusing to compel obedience to a subpoena of mayor of municipal corporation. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lemuel D. Sanderson for Appellant.

Redmond C. Staats and George L. Hughes for Respondents.

TYLER, P. J.—This is an appeal from an order sustaining a demurrer without leave to amend, to an application for an order to compel obedience to a subpoena issued by appellant as mayor of the city of Berkeley.

It appears from the petition that the city ordered the printing of certain sample and official ballots from the "Berkeley Gazette," a corporation of which respondents are officers. No specified price was agreed upon, but the work was performed and a bill therefor rendered to the proper authorities. The city council approved the same, but before payment was made petitioner, as mayor, was informed, so it is alleged, that the charge was excessive, and he thereupon determined to ascertain the truth as to whether or not the account was fair and reasonable. With this purpose in view he issued a subpoena to respondents directing them to appear and testify before him, and to produce probative evidence, consisting of certain described books and papers.

Respondents failed to obey the subpoena and the petitioner thereupon presented an application to the superior court of Alameda County for an order to show cause why respondents refused to do so. A demurrer was interposed thereto on several grounds, both general and special. The trial court sustained the same without leave to amend, and this is an appeal from such judgment. No claim of fraud was raised, nor that either the council or any member thereof acted improperly. The main question, therefore, presented for determination, is whether or not the mayor has the legal authority or power to investigate the bill in question, and to this end require respondents to produce papers and documents and appear before him in obedience to his subpoena. The source of the powers and duties of the mayor is the charter of the municipality. In the various chapters of that instrument are to be found the provisions for his appointment and an enumeration of his powers and duties. He is one of ten elective officials. As chief executive he must see that all ordinances are duly enforced,

and he is charged with general oversight of the several departments of the municipal government, and directed to ascertain whether all contracts made with the city are faithfully performed, and he must annually, and from time to time, give the council information relative to the affairs of the city and recommend to its consideration such matters as he may deem expedient. He is given the power to make an examination of the books of officials and employees, and has supervision over public utility companies, and he performs such other powers and duties as may be prescribed by law and ordinance. He is made a member of the council and is president thereof, and presides at its meetings, and all resolutions and ordinances are signed by him, but he has no veto power. The council is made the governing body of the municipality subject to the express limitations of the charter; is vested with all powers of legislation in municipal affairs adequate to a complete system of local government consistent with the constitution of the state. Money is drawn from the treasury upon warrant and allowed by the council or proper board, and then only when such warrant is signed by the president and secretary or clerk of such body and properly numbered and dated. Every official board or commission is, under the charter provisions, given the power to issue subpoenas to compel the production of books, papers, and documents, and to take and hear testimony concerning any matter or thing pending before such official board or commission. It thus appears that the functions of the mayor, as such, are intended in the main to be, and they are, of an executive or administrative character, but whatever power he may at any time exercise, be it executive, legislative, or judicial, it must be warranted or authorized or be necessarily implied, or his acts will be deemed illegal and a usurpation of authority. (*Von Schmidt* v. *Widber*, 105 Cal. 151 [38 Pac. 682].)

In compliance with the provisions of section 6 of article XI of the constitution, giving to cities the right and power to make and enforce all laws and regulations in respect to municipal affairs, the city of Berkeley amended its organic law. It is the claim of appellant that by reason of this amendment the charter, instead of being a grant of power, became in effect a limitation of powers, and that the mayor, in carrying out his official duties, has therefore complete

authority to investigate any matter relating to municipal affairs unless prohibited from so doing by direct limitation. (*Matter of Nowak,* 184 Cal. 701 [195 Pac. 502]; *Civic Center Assn. etc.* v. *Railroad Com.,* 175 Cal. 441 [166 Pac. 351]; *Cole* v. *City of Los Angeles,* 180 Cal. 617 [182 Pac. 436].) Whatever the effect of the amendment to the charter may be is a question that is not necessary to discuss generally.

[1] By the charter amendment (sec. 115, art. XVI) the city is given the right to make and enforce laws, subject to the limitations and restrictions provided for in the charter. By that instrument the powers and duties of the mayor are restricted. The council is invested with the legislative powers of the municipality, and is its governing body. True, the mayor is a member thereof, and as such he has the same, but no greater, power than any of the other members, and that body must function as a whole and not by its members separately. The authority of each official, board, or department of the municipality to exercise any corporate powers with which it has been clothed must be distinctly conferred or necessarily implied, in order to entitle it to act. As mayor, appellant could undoubtedly refuse to order a claim paid, and upon such refusal the proper remedy could be invoked against him, but the question of the regularity of a claim is one for the council, which has the sole power, under the charter, to determine such question, and its hearing and determination, in the absence of fraud, excessive jurisdiction, or other plain violation of law, is final and conclusive. (*McConoughey* v. *Jackson,* 101 Cal. 265 [40 Am. St. Rep. 53, 35 Pac. 863]; *McFarland* v. *McCowen,* 98 Cal. 329 [33 Pac. 113].)

The fact that the mayor, as chief executive, is given power to see that all ordinances are faithfully observed does not confer the authority here attempted to be exercised. Whatever power he has to object to the correctness of a charge of the character here involved must be exercised in conjunction with all the other members of the council. The question of the reasonableness of a demand is not one for the mayor as such to determine. Any other conclusion would totally distort the plain intention of the framers of the charter and stultify and destroy the limita-

tions sought to be placed upon the various boards and officers.

Considering the conclusion we have reached the questions as to the sufficiency of the pleadings and the right of the mayor to institute the proceeding become unimportant.

From what we have said it follows that the judgment of the lower court sustaining the demurrer to appellant's application without leave to amend should be, and it is, hereby affirmed.

Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 21, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.