[Civ. No. 3577. Third Appellate District.—January 31, 1929.]

JOE FORNASERI et al., Appellants, v. COSMOSART REALTY & BUILDING CORPORATION (a Corporation) et al., Defendants; WALTER H. GRANT, Respondent.

550

James Westervelt for Appellants.

Minor Moore for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This appeal was taken from a judgment which was rendered against the plaintiffs for failure to amend their pleading after a demurrer to the second amended complaint had been sustained.

The complaint is voluminous, comprising more than a hundred printed pages, but an epitome of its contents will suffice for the purpose of determining this appeal. The complaint alleges that the plaintiffs are stockholders and creditors of the Cosmosart Realty and Building Corporation of Los Angeles; that Clark and Sherman Land Company was the owner of eighteen acres of land in the city of Los Angeles which was leased for a term of years to one James E. Bowen; that this lease contained an option authorizing the lessee or his assigns to purchase this property upon terms specifically mentioned; that this land was worth treble the amount of the purchase price named in the option. The complaint also attempts to allege that this lease was assigned to the Cosmosart Realty and Building Corporation; that this defendant corporation was indebted to the extent of $160,-000, but that it was nevertheless able to exercise its option to purchase this land, but failed and neglected to do so; that, upon the contrary, pursuant to a resolution of the directors of the corporation, this option was assigned to the

respondent Grant, and an agreement with him, together with one Charles Ray and Albert A. Kidder, Jr., was executed, by the terms of which the interests of the respective parties were pooled, and the land was authorized to be subdivided and sold, from the proceeds of which sales Clark and Sherman Land Company, which had contracted to sell the property to Grant, was to receive the first $150,000, the Cosmosart Realty and Building Corporation was to receive the following $160,000, and the remaining $600,000 was to be divided equally among the respective parties to the agreement. It is alleged that this assignment of option and agreement was procured by fraud, and resulted in a substantial loss to the defendant corporation and its stockholders; that the directors held a controlling amount of stock in the corporation, and that they refused and neglected to institute proceedings to recover the said trust funds, or to protect the interest of the stockholders.

In support of appellants' contention that the option and agreement to purchase real property were procured by fraud, it is alleged that Ray and Kidder negotiated with the directors of the corporation and "undertook to raise the necessary funds to finance the debts of said corporation," and for this purpose employed respondent Grant to examine its books and accounts to ascertain the financial condition of the corporation; that in the exercise of his employment the respondent Grant, as the agent of Ray and Kidder, occupied a position of trust and confidence with the corporation, resulting in the directors and officers thereof conveying to him valuable information regarding its financial status, and that this fiduciary relation led to their "consulting with Grant and informing him fully as to its business affairs, assets and liabilities"; that "the said Grant was, during most of the said period, also an employee and agent of the defendant corporation." It is further alleged that in procuring the execution of said contract, Will Hayes, an attorney formerly employed by, and whom the directors believed was appearing in their behalf, represented the respondent Grant, and advised the directors that respondent's option to purchase the Los Angeles lots was valid, binding, and enforceable; that the respondent then threatened to purchase existing claims against the corporation, institute suits for their collection, and thus force the corporation into bank-

ruptcy unless the contract was executed forthwith; that with confidence in the advice of said attorney and intimidated by respondent's threats, the directors executed the contract, but that said advice and threats were false and untrue, as the respondent well knew. It is further alleged that pursuant to said agreement the title to said property was subsequently conveyed in trust to the Title Guarantee and Trust Company of Los Angeles; that the tract was subdivided and many lots were sold, from the proceeds of which sale the Clark and Sherman Land Company was paid the sum of $150,800, the corporation defendant was paid $160,000, and that further funds were available for payment to the respondent Grant. The complaint prays that the proceeds of the sales of said property be declared to be a trust fund held for the benefit of the Cosmosart Realty and Building Corporation, its stockholders and creditors, and that the respondent be enjoined from otherwise disposing of said proceeds.

The demurrer was both general and special. The appellants contend that the complaint sufficiently states facts showing the existence of a relation of trust and confidence between the respondent Grant and the defendant corporation. It is claimed that Ray and Kidder were employed by the corporation to finance its indebtedness so as to enable it to exercise its option to purchase the property for the purpose of subdivision and sale; that Grant was hired by Ray and Kidder to ascertain the financial condition of the corporation, and while so engaged as their agent in examination of its books and accounts obtained private information which enabled him to secure the option for his own benefit. The complaint, however, fails to allege that Ray or Kidder was actually employed by the corporation for any purpose whatever. All that the complaint does allege in this regard is "that Charles Ray and Albert A. Kidder, Jr., *offered to defendant* Cosmosart Realty and Building Corporation, and *undertook on its behalf* to raise the necessary funds, . . . " Nowhere in the complaint is it stated that this offer was accepted, or that the corporation employed them to perform this service. Whatever service they did perform appears to have been voluntarily rendered. No agency or employment is actually alleged. It does appear that "Ray and Kidder employed the defendant Grant

to examine the books and accounts of the defendant corporation," and that Grant "accepted their said employment and forthwith entered thereon." Since the allegations of the employment of Ray and Kidder by the corporation are insufficient to create an agency, it follows that Grant's employment by Ray and Kidder creates no fiduciary relation with the corporation. These allegations are therefore fatally defective. This defect of pleading was directly assailed by means of a special demurrer in which it is charged that "it cannot be ascertained (from the complaint) whether the said Ray or Kidder entered into a contract of agency with the corporation, or not." ▉ It is further alleged in the complaint that "the defendant Grant was . . . also an employee and agent of the defendant corporation." It is, however, not alleged what the nature of this employment was. In view of the specific challenge of the special demurrer that "it cannot be ascertained (from the complaint) what was the nature of the defendant Grant's employment by the said corporation," this allegation is also fatally defective. The failure to allege the fiduciary relation of the defendant Grant was the very ground upon which the demurrer was sustained.

▉ The complaint is likewise defective in its attempt to allege the corporation's title to the option in question. This option was incorporated in a lease which was executed from Clark and Sherman Land Company to J. E. Bowen. The right to the option depended upon the title to the lease. There is no definite allegation that the lease was assigned or transferred to the Cosmosart Realty and Building Corporation by Bowen. The language of the complaint is a mere recital or description of the means by which the defendant corporation gained possession of the land described in said lease. The complaint states that "defendant (corporation) was then and there lawfully in possession of said land and premises as lessee by assignment from a certain J. E. Bowen under a lease made by Clark and Sherman Land Company." This is not a definite recital of facts showing an actual transfer of the lease, but is merely a recital of possession of the property based upon an assumption that the lease was duly assigned. It follows that the title to the option is insufficiently alleged, and unless it appeared that the defendant corporation held title to the option, the stockholders

would have no ground upon which to complain of its transfer to Grant.

The plaintiffs have sued in the capacity of stockholders and *creditors*. There is, however, no allegation that, as creditors, they first reduced their claims to judgments and exhausted their legal remedies. This is necessary before a creditor may maintain an equitable action involving the assets of a corporation. A creditor's suit in equity will not lie against a corporation until the claim has first been reduced to judgment and his legal remedies have been exhausted. (*Roberts* v. *Buckingham*, 172 Cal. 458 [156 Pac. 1018]; 7 Cal. Jur. 793, sec. 6; 8 R. C. L. 19, secs. 23, 24; 4 Pomeroy's Equity Jurisprudence, 4th ed., p. 3355, sec. 1415, p. 3602, sec. 1533.) The theory upon which the creditors of a corporation seek to reclaim property alleged to have been wrongfully conveyed, is that they possess an equitable lien upon such property for the payment of their claims. This theory of an equitable lien upon the assets of a corporation for the payment of creditors' claims, however, has been repudiated as the law in America. In the case of *Fogg* v. *Blair*, 133 U. S. 534 [33 L. Ed. 721, 10 Sup. Ct. Rep. 338, see, also, Rose's U. S. Notes], Mr. Justice Field says: "Such a doctrine has no existence." Even where a corporation has wrongfully conveyed property to an individual without consideration, an equitable action on the part of the creditor will not lie against the grantee to declare a trust in such property for the benefit of stockholders or creditors. This doctrine is fully discussed in the case of *Delaney Producing & Refining Co.* v. *Crystal Petroleum Products Corp. et al.*, 88 Cal. App. 784 [264 Pac. 521]. In that case, without having first reduced his claim to judgment, a creditor brought an equitable action against the corporation grantor and the individual grantee alleging that the corporation was bankrupt and that it had wrongfully and fraudulently conveyed a valuable lease and option to the grantee. The complaint prayed that this property be declared to be held in trust by the grantee for the benefit of the stockholders and creditors. A demurrer to the complaint was sustained. From a judgment entered against the plaintiff for failure to amend, an appeal was perfected. Upon appeal, this judgment was affirmed. So far as the status of the plaintiffs is concerned in the present case, as creditors, that case is con-

clusive. Moreover, an equitable action against a corporation for fraud or malversation of funds will not lie without making the delinquent officers parties to the suit. A corporation is a distinct entity separate and apart from its officers, who in their fiduciary capacity hold the property and assets of the corporation in trust, and who, as such trustees, are alone accountable for fraud and mismanagement. (*Delaney Producing & Refining Co.* v. *Crystal Petroleum Products Corp., supra.*)

 Minority stockholders may maintain a suit in equity for redress for wrongful disposal of property, or for an accounting in behalf of themselves and other stockholders for the benefit of the corporation, when through the fraud or malversation of officers or directors, or through the fraud or coercion of a third person, the corporation has been divested of property, and when upon request the officers fail and refuse to institute proceedings to remedy the injury. (6 Fletcher's Ency. of Corp., p. 6916, sec. 4064, p. 6931, sec. 4066; *Burbank* v. *Dennis*, 101 Cal. 90 [35 Pac. 444].) A trust may be impressed upon the property of a corporation, and an accounting required of a successor in interest who has wrongfully acquired the same. (6 Fletcher, *supra*, p. 6933, sec. 4066; *Meredith* v. *Art Metal Cons. Co.*, 97 Misc. Rep. 69 [161 N. Y. Supp. 1].) Before a stockholder's suit for redress will lie in equity, against a corporation for fraud on the part of the directors, or on the part of a third person, demand must first be made upon the officers to institute appropriate proceedings, unless such demand would be futile. Their refusal or failure to act must also follow. (14 Cor. Jur. 943, sec. 1466; 6 Fletcher, *supra*, p. 6934, secs. 4067, 4068.) In the present action the complaint alleges a sufficient demand upon the directors, and refusal to act. Before a stockholder's suit in equity of this nature will lie, he must show that he has exhausted his legal remedies, such as appealing for redress to the stockholders at large (Civ. Code, sec. 305; 14 Cor. Jur. 944, sec. 1466; *Hawes* v. *Oakland*, 104 U. S. 450 [26 L. Ed. 827; see, also, Rose's U. S. Notes]; *Rathbone* v. *Parkersburg Gas Co.*, 31 W. Va. 798 [8 S. E. 570]; *Dunphy* v. *Traveller Newspaper Assn.*, 146 Mass. 495 [16 N. E. 426]), unless it appears that the board of directors who decline to act own a majority of the stock and control the corporation. (6 Fletcher,

*supra,* p. 6916, sec. 4064.) In the present case it is alleged that the board of directors control a majority of the stock and refuse to act.

In the absence of fraud, breach of trust or transactions which are *ultra vires,* the conduct of directors in the management of the affairs of a corporation is not subject to attack by minority stockholders in a suit at equity, where such acts are discretionary and are performed in good faith, reasonably believing them to be for the best interest of the corporation. (14 Cor. Jur. 927, sec. 1444; 6 Fletcher, *supra,* p. 6924, sec. 4065, p. 6797, sec. 3992, p. 6931, sec. 4066; *Rogers* v. *Nashville etc. Ry. Co.,* 91 Fed. 299.)

It is extremely doubtful whether the acts of the directors which are complained of in the present suit amount to a violation of discretion on their part. So far as the complaint enlightens us, the corporation defendant had no property other than the lease of the Los Angeles lots. It was indebted to the extent of $160,000. It cost $150,000 additional to purchase the fee in this land from Clark and Sherman Land Company. In its stringent financial condition the corporation would have had difficulty in negotiating funds with which to pay its debts, satisfy the claims of Clark and Sherman Land Company, and market the property. Such a plan would have required a considerable outlay of time and money. The success of the enterprise was at least doubtful. The procedure which was followed by the directors possessed no such element of chance. In pooling its interest pursuant to the terms of the contract, the corporation debts were to be first paid. The cost of purchasing the fee in the property was to be next paid. The balance of the proceeds was to be divided into three parts, one of which was to be paid to the corporation. Good business judgment would seem to recommend the safe and sure plan which was adopted by the directors, especially since the corporation was deeply in debt and unprepared to market the property to good advantage. At least the transaction appears to be a discretionary matter, and if so, affords a stockholder no authority to challenge it in this equitable action. Every presumption is in favor of the good faith of the directors. Interference with such discretion is not warranted in doubtful cases. In *Gamble* v. *Queens County Water Co.,* 123 N. Y. 91 [9 L. R. A. 527,

25 N. E. 201], it is said: "To warrant interference by a court in favor of minority stockholders . . . a case must be made out which plainly shows that such action is so far opposed to the true interests of the corporation itself as to lead to the clear inference that no one thus acting could have been influenced by any honest desire to secure such interest, but that he must have acted with an intent to subserve some outside purpose, regardless of the consequences to the company."

While it is true that primarily the fraud and coercion complained of is charged to the defendant Grant, yet the clear inference exists that the directors of the corporation were guilty of malfeasance in refusing to institute an action for redress. Indeed, except for the existence of such fraud or breach of trust on the part of the directors, this action would not lie.

The demurrer was therefore properly sustained and the judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.