[Civ. No. 8243. First Appellate District, Division Two.—April 5, 1932.]

JAMES LONEY, Plaintiff, v. CONSOLIDATED WATER COMPANY OF POMONA (a Corporation) et al., Respondents; S. M. HASKELL, Cross-Complainant and Appellant.

J. E. Stillwell, Robert E. Austin and John N. Helmick for Appellant.

Kemper Campbell and Charles L. Nichols for Respondents.

NOURSE, P. J.—Plaintiff sued for the dissolution of the defendant corporation and for an accounting by its president and controlling director. Defendant Haskell, as a stockholder of the Water Company, filed a cross-complaint praying for an accounting by the corporation, for a restoration of funds "wrongfully" diverted, and for a dissolution of the corporation. The corporation and its directors demurred to the cross-complaint and their demurrers were sustained. An amended cross-complaint was filed; the same parties filed a general and special demurrer, which was sustained; the cross-complainant declined to amend further; judgment was entered against him from which he appeals.

The amended cross-complaint was framed to plead two separate causes of action. In the first it was alleged that defendant Lathrop controlled the corporation through a dummy board of directors, received a salary of $400 per month as general manager, overdrew his account through loans made to another corporation, and caused the directors to vote the amount of his overdraft as additional compensation. For a second cause it was alleged that the cor-

poration was organized for the purpose of supplying water to the inhabitants of the city of Pomona and vicinity, that, through the influence of Lathrop, it sold its water system to the city of Pomona for the sum of $831,000, without the consent of the stockholders, that said Lathrop, following this sale, moved the principal place of business of the corporation to the city of Los Angeles and was engaged in using its assets for his personal interests. It was also alleged that, because of changes in the water system made by the city of Pomona, it was impossible to make a rescission of the sale. Upon this cross-complaint it was prayed that the corporation and its directors be required to make an accounting, to dissolve the corporation, and to distribute the assets to the stockholders.

Stripped of all the academic discussion which surrounds the points raised in the briefs the cross-complaint presents a simple suit by minority stockholders for the dissolution of the corporation and the distribution of its assets among the stockholders. That such a suit may not be maintained by the stockholders is determined both by statute and authority. (Sec. 358, Civ. Code, as it read prior to the amendment in 1931; sec. 803, Code Civ. Proc.; 7 Cal. Jur., p. 135.)

If the action were designed to redress the wrongful disposal of corporate property, or were based upon fraud or malversation of officers or directors a court of equity would have jurisdiction to grant relief. (*Burbank* v. *Dennis*, 101 Cal. 90 [35 Pac. 444]; *Fornaseri* v. *Cosmosart Realty & Bldg. Co.*, 96 Cal. App. 549, 556 [274 Pac. 597].) But fraud, breach of faith, or transactions which are *ultra vires* are the foundations upon which such equity jurisdiction is based. (Id., 14 Cor. Jur., p. 927, sec. 1444.) Here appellant expressly waives his attack upon the sale of the property to the city and impliedly ratifies it by asking a distribution of the proceeds. He does not charge any acts of fraud or bad faith, but relies solely upon generalities and conclusions. (*Swan* v. *Consolidated Water Co.*, 28 Fed. (2d) 981, a case involving the same transactions and a complaint which is substantially the same.)

The second alleged cause does not state a cause of action. (*Swan* v. *Consolidated Water Co., supra.*) It is

not alleged that the sale of the water system was a disposal of "the business, franchise and property, as a whole" within the meaning of that term as used in section 361a of the Civil Code, prior to its amendment in 1931. Hence the consent of the stockholders was not necessary to a valid sale. (*Shaw* v. *Hollister Land Co.*, 166 Cal. 257 [135 Pac. 965].)

The argument that because the Water Company sold its water system it must now be engaged in a business not authorized by its articles of incorporation cannot be taken seriously. The original articles adopted are attached to the cross-complaint, but it is not alleged that they have not been amended. The presumption that respondents are acting in good faith prevails over the innuendo to the contrary in the absence of any allegation of facts. We may fairly assume that such amendments have been made from the vigorous argument of appellant that section 362 of the Civil Code, permitting such amendments is unconstitutional. To this latter argument there is but one reply—article XII, section 1, of the state Constitution authorizes the legislature to prescribe the powers, rights and duties of corporations and to amend or repeal regulations to that effect. Hence the "contract" of the stockholder was taken in contemplation of the right of the corporation to change or increase its purposes by amendment of its articles under section 362.

Appellant discusses at length the general power of a court of equity to appoint a receiver. This may be granted, but when applied to a corporation which is a going concern such power is limited to cases not within the facts here pleaded. (6a Cal. Jur., p. 1524 et seq.; *Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101]; *Boyle* v. *Superior Court*, 176 Cal. 671 [L. R. A. 1918D, 226, 170 Pac. 1140].)

We do not consider the rights of the parties as they might arise under the General Corporation Law of 1931 because the judgment appealed from was entered prior to the enactment of that law and none of the briefs discusses any feature of the new enactment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 5, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.