[L. A. No. 13846.   In Bank.—October 19, 1934.]

G. ALLEN MASON et al., Respondents, v. SAN-VAL OIL
& WATER CO., LTD., et al., Appellants.

Rollinson & Phister for Appellants.

No appearance for Respondents.

THE COURT.—This is an appeal from an order appointing a receiver *pendente lite*.

The order was entered on May 24, 1932. The appeal is presented by a bill of exceptions. The appellants filed their opening brief on November 10, 1932. The respondents have not filed a brief and have failed to make any return to an order of this court directing them to show cause why the order appealed from should not be reversed. Accordingly, the appeal has been ordered submitted on the transcript and the appellants' opening brief. (Rule V, sec. 1, 204 Cal. xlvii.)

The order appealed from was made on the application of the plaintiffs, pursuant to notice and a hearing. The documents and evidence considered on the hearnig consisted of the verified complaint on file and affidavits, reports and

other documents introduced on behalf of the respective parties. The contention of the appellants is that the court improperly appointed a receiver on the showing made, and that the order should be reversed. We are satisfied from the record presented that the contention must be upheld.

The plaintiffs, as stockholders of San-Val Oil & Water Company, Ltd., in April, 1932, sued said corporation, its directors, officers and other shareholders. They sought an accounting of all of the corporate transactions from the date of incorporation, cancellation of stock issued to the defendant shareholders, removal of the defendant directors and a declaration that their offices are vacant, and the appointment of a receiver. It appears from the complaint that pursuant to an agreement made in October, 1930, the corporation's predecessor, San-Val Oil Co., Ltd., purchased certain leases from some of the defendants and other persons in exchange for shares of the corporate stock issued under a permit of the corporation commissioner. The company attempted to drill for oil, but without success. During the operations the source of a mineral water supply was discovered. The company gave up its drilling operations and commenced the business of bottling and marketing the mineral water. For this purpose it obtained additional leases, and in May, 1931, changed the corporate name to its present form and doubled its capitalization. ■ Then follows in the complaint a series of some forty or more paragraphs devoted to allegations, based upon information and belief, of failure of consideration for the issuance of stock to said defendant shareholders, and misappropriation of funds, fraud and conspiracy to defraud on the part of the defendants as directors and otherwise. The allegations are replete with generalities and conclusions of the pleaders, without any allegations of fact substantiating or purporting to substantiate the charges. The allegations in such form without more cannot be considered sufficient allegations of the charges made. (*Fox* v. *Hale & Norcross etc. Min. Co.*, 5 Cal. Unrep. 980, 989 [53 Pac. 32, 169]; *Willis* v. *Lauridson*, 161 Cal. 106, 108 [118 Pac. 530]; *Dowling* v. *Spring Valley Water Co.*, 174 Cal. 218, 221 [162 Pac. 894]; *Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 673, 683 [200 Pac. 601].) ■ The affidavits introduced in support of the appointment of a receiver add nothing to the complaint. In fact

nearly all of them are merely declarations of the affiant stockholders that they are dissatisfied with the corporate management, that they are familiar with the allegations of the complaint and desire to join in the prayer for the appointment of a receiver. Such generalities contained in the affidavits cannot be deemed sufficient to supplement the complaint for the purpose of supplying its deficiencies in the respect noted. (*Lewis* v. *Shaw*, 77 Cal. App. 99, 103 [246 Pac. 86].)

The plaintiffs purport to allege facts showing that the corporation is "in imminent danger of insolvency". The uncontroverted showing on the hearing was that since the discovery and exploitation of the mineral waters the corporation has conducted a business amounting to between $2,000 and $6,500 a month and appeared to be a going and prosperous concern.

Further mention of specific allegations of the complaint or description of the evidence introduced on the hearing need not be made to illustrate that it is difficult to ascertain upon what theory the action was brought or is maintainable, or the appointment of a receiver authorized. If the suit was brought for the purpose of removing directors on the ground of fraud and dishonesty pursuant to section 310, subdivision 3, of the Civil Code, and for the ancillary relief by appointment of a receiver such as was the case in *Boyle* v. *Superior Court,* 176 Cal. 671 [170 Pac. 1140, L. R. A. 1918D, 226] (see, also, 6a Cal. Jur., p. 1531), the answer is that there is no allegation or showing that the plaintiffs own at least ten per cent of the outstanding shares of stock of the defendant corporation, as required by that section. On the contrary, the showing is that the plaintiffs own three per cent or less of such stock.

The allegation that the corporation is "in imminent danger of insolvency" suggests that the action was brought pursuant to section 564, subdivision 5, of the Code of Civil Procedure, for the appointment of a receiver. It has been settled since the *French Bank Case,* 53 Cal. 495, that said section does not authorize the appointment of a receiver for a corporation on the ground stated at the suit of a private person. (*Murray* v. *Superior Court,* 129 Cal. 628 [62 Pac. 191]; *Elliott* v. *Superior Court,* 168 Cal. 727, 730 [145 Pac. 101]; *Hobson* v. *Pacific States Merc. Co.,* 5 Cal. App. 94, 101 [89 Pac. 866]; 6a Cal. Jur. 1524 et seq.)

■ Finally, if the action be on behalf of the corporation to have stock issued to certain defendants declared void and canceled on the ground that it was not issued in compliance with the corporation commissioner's permit or because of failure of consideration, assuming such an action could be brought by the plaintiffs or by the corporation, no showing is made that it is such an action in which the ancillary relief by appointment of a receiver is necessary or desirable to insure to the plaintiffs, standing in the shoes of the corporation, the fruits of the equitable relief to which the corporation might become entitled. (See *Loney* v. *Consolidated Water Co.,* 122 Cal. App. 350, 353 [9 Pac. (2d) 888].)

The foregoing comments, without entering into a more extended discussion, sufficiently support the conclusion that there was no proper basis for the order appointing a receiver of the defendant corporation.

The order is reversed.