[Civ. No. 12677. Second Appellate District, Division Two.—May 2, 1940.]

I. R. WALL, Petitioner, v. THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF CALIFORNIA (a Public Corporation) et al., Respondents.

Emory D. Martindale for Petitioner.

MOORE, P. J.—Petitioner seeks an alternative writ of prohibition to prevent the board of regents of the University

of the State of California from continuing the employment and the payment of the salary of one Bertrand Russell, who has been employed by the management of said university.

■ The Constitution of the State of California reposes in the regents of the university full powers of organization and government of the university, subject only to such legislative control as may be necessary to insure compliance with the terms of the endowments of the university and the security of its funds. (Art. IX, sec. 9, Const.; *Hamilton* v. *Regents of the University of California,* 219 Cal. 663 [28 Pac. (2d) 355].)

■ The board of regents constitute a corporation and from the petition it would appear that it is a normally functioning body. This being so, this court has no right to interfere with its government. The conclusions reached by the regents are final in the absence of fraud or oppression. "It is an elementary principle of law that a court has no power or right to intermeddle with internal affairs of a corporation in the absence of fraudulent conduct on the part of those who have been lawfully entrusted with the management and conduct of its affairs. The principle has been so well settled and established in both federal and state jurisdictions that it seems unnecessary to give further citations. (*Consolidated Cement Corp.* v. *Pratt,* 47 Fed. (2d) 90.) The authority of the directors in the conduct of the business of a corporation must be regarded as absolute when they act within the law. The court cannot substitute its judgment for that of the directors." (*Hamilton* v. *United Laundries,* 111 N. J. Eq. 78 [161 Atl. 347]; *Harris* v. *Brown,* 6 Fed. (2d) 922; *McConoughey* v. *Jackson,* 101 Cal. 265 [35 Pac. 863, 40 Am. St. Rep. 53]; *McFarland* v. *McCowen,* 98 Cal. 329 [33 Pac. 113]; *Merriman* v. *National Zinc Corp.,* 82 N. J. Eq. 493 [89 Atl. 764]; *Midland Sav. & Loan Co.* v. *Dunmire,* 68 Fed. (2d) 249; *United Milk Products Co.* v. *Lovell,* 75 Fed. (2d) 923.)

■ Before a private citizen can sue a public corporation for redress of his grievances, because of the alleged fraud or oppression on the part of the directors of such corporation, demand must first be made upon the directors to repair the wrong done by the management, and where the pleading fails to state that such a demand has been made and that petitioner has exhausted his legal remedies, his action will not

lie. (*Fornaseri* v. *Cosmosart Realty & Bldg. Corp.*, 96 Cal. App. 549 [274 Pac. 597]; *Hawes* v. *Oakland*, 104 U. S. 450 [26 L. Ed. 827].) Nothing in the petition indicates that the grievances of the petitioner have ever been made known to any member of the board of regents or that a demand upon the board of regents would have been futile.

For the foregoing reasons the petition is denied.

Wood, J., concurred.

McCOMB, J., Concurring.—I concur in the order denying the application for an alternative writ of prohibition. I can see no reason for filing a written opinion, which is contrary to the usual practice in such matters. The question of Dr. Russell's qualifications to act as an instructor at the University of California is one lying solely within the discretion of the board of regents, and their determination of his qualifications is final.

Experience has demonstrated that the people of the state have wisely vested this discretion in the board of regents, as it is a matter of international knowledge that the University of California has under the guidance of the board of regents become one of the great universities of the world and that the university possesses a faculty composed of educators of the highest standing.